47 P.3d 378

STATE of Idaho, Plaintiff–Respondent,

v.

**Marcus Ivan PETERSON,**
**Defendant–Appellant.**

No. 26802.

Court of Appeals of Idaho.

Feb. 14, 2002.

Review Denied May 30, 2002.

Molly J. Huskey, Interim State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This case presents a question regarding application of the Interstate Agreement on Detainers Act ("IAD"), Idaho Code §§ 19–5001 to 19–5008: When multiple jurisdictions within a receiving state have charges pending against a defendant over whom the receiving state has obtained temporary custody pursuant to the IAD, and one of the charging jurisdictions within the receiving state did not bring the defendant to trial within the time limit specified within the IAD, must the charges in that jurisdiction be dismissed? We hold that on the facts presented here, the time period for bringing the defendant to trial was tolled, and therefore the district court properly denied the defendant's motion to dismiss the charges.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

This case was commenced on August 20, 1998, when Marcus Ivan Peterson was charged in Kootenai County with three

counts of possession of a controlled substance, I.C. § 37–2732(c). Shortly thereafter, he was released on bond. Before the charges were resolved, Peterson was arrested in the state of Washington on unrelated charges, and in February 1999, he was sentenced in Washington to a three-year term of confinement. In July 1999, the Kootenai County prosecutor lodged a detainer against Peterson with the Washington authorities. A detainer was also lodged by the prosecutor of Ada County, where charges were also pending against Peterson for aggravated battery, assault, and resisting and obstructing officers.

On August 12, 1999, Kootenai County authorities were informed by Washington authorities that Peterson had filed a request for final disposition of the Ada County charges but had declined to request final disposition with respect to the Kootenai County detainer. Peterson's request for final disposition was received by the Ada County court clerk on August 16, 1999.

Peterson was not transported from the state of Washington to Ada County until January 10, 2000. He pleaded guilty to the Ada County charges and was sentenced on April 24, 2000. Three days later, he appeared in Kootenai County district court to answer in the present case. Trial was scheduled for May 23, 2000, but on May 17, the prosecution moved for a continuance because the assigned prosecutor was attending an out-of-state conference. At a hearing on the State's motion conducted on May 22, Peterson orally moved to dismiss the charges against him on the basis that his rights under the IAD had been violated. Peterson argued that Kootenai County had failed to comply with the time requirements in Article III of the IAD (I.C. § 19–5001(c)), which requires that a prisoner be brought to trial within 180 days after delivery of his request for final disposition, and Article IV (I.C. § 19–5001(d)), which requires commencement of trial within 120 days after the arrival of the prisoner in the state if authorities of that state transmitted a request for temporary custody of the defendant. The district court requested briefing from the parties on Peterson's motion and vacated the trial date.

Peterson's trial was rescheduled for July 19, 2000. On July 18, the district court rendered its decision on Peterson's motion to dismiss. The court concluded that where more than one jurisdiction within the receiving state has charges pending against the defendant, the IAD is not violated if at least one of the trials is conducted within the prescribed time limits and the remaining trials are conducted within a reasonable time thereafter. The court therefore denied Peterson's motion for dismissal.

After receiving this decision, Peterson pleaded guilty to all three counts of possession of a controlled substance, reserving his right to appeal from the denial of his dismissal motion. Peterson now appeals, contending that the district court erred in its interpretation of the time limits imposed by the IAD.

## II.

## ANALYSIS

■ The interpretation of a statute is a legal issue over which we exercise free review. *State v. Miller*, 134 Idaho 458, 462, 4 P.3d 570, 574 (Ct.App.2000); *State v. Edghill*, 134 Idaho 218, 220, 999 P.2d 255, 257 (Ct. App.2000). The legislatively declared purpose of the IAD is to "encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." I.C. § 19–5001(a). This is accomplished through the creation of procedures by which a state with untried charges pending against a defendant (the "receiving state") may request and obtain temporary custody from a state in which the defendant is then incarcerated (the "sending state") and by establishing time limits for commencement of the defendant's trial in the receiving state.

Once a detainer has been lodged against the prisoner by the receiving state, either the prisoner or the receiving state may initiate proceedings to require the prisoner's transfer to the receiving state for resolution of the charges there. The prisoner's right to compel a speedy resolution of the charges in a receiving state is governed by Article III of the IAD, I.C. § 19–5001(c). The prisoner

may initiate the proceedings by delivering to the prosecuting officer and the appropriate court in the receiving state a request for final disposition of the untried charges. I.C. § 19–5001(c)(1). Within 180 days after the prisoner's request has been delivered, the prisoner must be brought to trial on charges underlying the detainer. I.C. § 19–5001(c)(1). A prisoner's written request for final disposition directed to one prosecuting official operates as a request for final disposition of all untried indictments, informations or complaints for which detainers have been lodged against the prisoner from the same state. I.C. § 19–5001(c)(4).

Article IV of the Act (I.C. § 19–5001(d)) enables a state where charges are pending to compel the transfer of a prisoner by presenting a written request for temporary custody to authorities in the state where the prisoner is incarcerated. When proceedings are initiated under Article IV, trial in the receiving state must be commenced within 120 days of the prisoner's arrival in the receiving state. I.C. § 19–5001(d)(3). Regardless of whether the prisoner or the state initiates proceedings under the IAD, the court having jurisdiction of the matter may grant "any necessary or reasonable continuance" for good cause shown. I.C. §§ 19–5001(c)(1), 5001(d)(3). In addition, the running of the time periods specified in Articles III and IV are "tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter." § 19–5001(f)(1).

Peterson argues that both the 180–day time limit of Article III and the 120–day limit of Article IV are applicable and were violated because both time periods had expired before the date of even his first trial setting in the present case.

■ At the outset, we conclude that Peterson may not invoke the protection of Article IV. The 120–day time limitation of that article has no application here because, although both Kootenai and Ada County lodged detainers against Peterson with the state of Washington, the record here does not indicate that either county presented to Washington authorities a request for temporary custody of Peterson. Thus, a prerequisite to application of the 120–day time limit did not occur.

It appears that the 180–day time frame of Article III does apply to Peterson's prosecution in this case, for Peterson sent a request for final disposition that was received by the Ada County court clerk on August 16, 1999.[1] Although no similar request was delivered to Kootenai County authorities, delivery of the request to Ada County operated as a request for final disposition of all charges pending in this state for which detainers had been lodged, including the Kootenai County charges. I.C. § 19–5001(c)(4). The 180–day period expired on February 12, 2000, more than three months before Peterson's initial trial setting in the present case.

The State asserts, however, that the 180–day period for commencement of his trial was tolled because Peterson was not available for prosecution in Kootenai County while the proceedings against him were continuing in Ada County. The State thus invokes the tolling provision of I.C. § 19–5001(f)(1), which specifies that the time period will be tolled during any interval when the prisoner is "unable to stand trial."

■ We find the State's position to be correct. The IAD does not specify how the time limits of Articles III and IV are to be applied when a prisoner is wanted for prosecution in more than one jurisdiction within the receiving state. We think it is a logical interpretation, however, that the tolling provision of § 19–5001(f)(1) would apply in this circumstance, for a defendant is "unable to stand trial" in one county when he is incarcerated in another county in order to face charges there.

When presented with analogous circumstances, several courts have held that the time limit for trial in the second jurisdiction was tolled until proceedings were completed

1. On appeal, the State disputes the applicability of Article III because the record is silent as to whether or when Peterson's request was also served upon the Ada County prosecutor. For purposes of this appeal, we will assume, *arguendo*, that the prosecutor received the notice on or about the same date as the Ada County court clerk.

in the first jurisdiction. One such case is *Stroble v. Egeler*, 408 F.Supp. 630 (E.D.Mich. 1976). In *Stroble*, a prisoner who was serving a sentence for manslaughter in the state of New York was brought to Michigan pursuant to the temporary custody provisions of the IAD to face charges for assault and murder. The defendant arrived in the state of Michigan on June 27, 1968, and the 120–day time limit of Article IV thus expired on October 25, 1968. The defendant was convicted of the assault charge on October 8, 1968, but the trial for the murder charge did not commence until December 16, 1968. After being convicted of the murder, the defendant initiated a habeas corpus action in the United States District Court for the District of Michigan, asserting that his murder conviction was obtained in violation of his rights under the IAD because the murder trial was not commenced within the 120–day time limit. The federal court rejected this argument and held that the running of this period was tolled while he was preparing for and undergoing trial on the assault charge. The court reasoned: "If [the defendant's] assault trial had lasted 121 days and no formal continuance had been granted, is it reasonable to assume that [the defendant] could not have been tried on the murder charge? Such a result would be manifestly absurd in view of the purpose of the Agreement." *Id.* at 635. The court concluded that while the defendant was preparing for trial on the assault charge, "he should have been considered unavailable for trial on the murder charge." *Id.* at 635 n. 4. The *Stroble* court then held that because the defendant's second trial began within a reasonable period after the completion of his first trial, his rights under the IAD were not violated.

A similar result was reached in *Dobson v. United States*, 449 A.2d 1082 (D.C.1982). In that case, a defendant who had been charged under a nine-count indictment in the District of Columbia was imprisoned in Maryland and was brought back to the District for trial pursuant to the District's request for temporary custody. Following his arraignments on the indictment, the defendant moved to sever the trials on the charged offenses into three separate trials, and the motion was granted. Only the first of the trials was conducted within the 120–day time limit. On appeal, the defendant claimed that his convictions arising from the last two trials violated the IAD. The Court of Appeals disagreed. It concluded that the policies underlying the IAD would not be furthered by requiring the prosecuting jurisdiction which obtained custody for purposes of trying a defendant on a single indictment to conduct all of the trials resulting from the defendant's motion for a severance within the 120–day period. The court held that the IAD standards are satisfied if the government commences at least one trial within the statutory period and all other trials begin within a reasonable time thereafter. *Id.* at 1087. The court then held that the second and third trials—which began approximately eight months and fourteen months, respectively, after the conclusion of his first trial—were conducted within a reasonable time given the nature of continuances granted for both sides. *Id. See also People v. Vrlaku*, 134 A.D.2d 105, 523 N.Y.S.2d 143, 146 (1988).

We are in agreement with the analysis of these courts. While Peterson was in Ada County preparing for trial and sentencing, he was "unable to stand trial" in Kootenai County, nearly 400 miles distant. A defendant should not receive the windfall of dismissal of charges merely because there are charges pending against him in so many separate counties that they cannot all be tried within the IAD time limits. Peterson's trial in Ada County was in compliance with the IAD. The Ada County case was not concluded until April 24, 2000 when Peterson was sentenced. Once Kootenai County gained custody of Peterson, its officers acted expeditiously. Peterson made an appearance on the Kootenai County charge on April 27, and his trial was initially scheduled to commence less than one month later. This trial date was vacated both because the prosecutor sought a continuance and because on the day before the scheduled trial, Peterson made an oral motion to dismiss, which required briefing. Trial was then rescheduled for July 19, 2000,

but before that trial was conducted, Peterson pleaded guilty. On these facts, both the May 23 and the July 19, 2000 dates for Peterson's Kootenai County trial were within a reasonable time after the conclusion of the Ada County case. We therefore hold that Peterson's rights under the IAD were not violated.

The district court's order denying Peterson's motion to dismiss is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.