210 P.3d 308 (2009)
ESTATE OF Charles C. HASELWOOD and Joanne L. Haselwood, husband and wife, Petitioners,
v.
BREMERTON ICE ARENA, INC., a Washington corporation; Gregory S. Meakin and Deborah A. Meakin, husband and wife, Defendants,
RV Associates, Inc., a Washington corporation, Respondent,
City of Bremerton, Respondent Intervenor,
Mallory Enterprises, Inc., d/b/a Abbey Carpets, a Washington corporation; Robison Mechanical, Inc., a Washington corporation; JPL Habitability, Inc., a Washington corporation; Consolidated Electrical Distributors, Inc., d/b/a Stusser Electric Co/Eagle Electric, a Washington corporation; Alaska Cascade Financial Services, Inc., assignee for Sound Glass Sales, Inc., a Washington corporation; Sullivan Heating & Cooling, Inc., a Washington corporation; Stirnco Steel Structures, Inc., a Washington corporation; Eagle Electric, Inc., a Washington corporation; Hanson Sign Company, Inc., a Washington corporation; and Stripe Rite, Inc., a Washington corporation, Defendants.
No. 80411-7.
Supreme Court of Washington, En Banc.
Argued October 28, 2008.
Decided June 25, 2009.
*309 David R. Riley, Weinstein & Riley, P.S., Seattle, WA, for Defendants  Bremerton Ice Arena, Inc. & Frontier Bank.
Charles M. Granoski Jr., Attorney at Law Betzendorfer & Granoski Tacoma, WA, for Defendants  Deborah Meakin, Gregory Meakin & Stirnco Steel Structures, Inc.
Kenneth L. Kambich, Gary Theodore Chrey, Shiers Law Firm, Port Orchard, WA, Kenneth Wendell Masters, Shelby R. Frost Lemmel, Wiggins & Masters PLLC, Bainbridge Island, WA, for Petitioners  Estate of Charles C. Haselwood & Joanne L. Haselwood.
David P. Horton, Law Office of David P. Horton Inc., PS, Silverdale, WA, for Respondent Intervenor  City of Bremerton.
William Henry Broughton, Broughton & Singleton Inc., PS, Silverdale, WA, for Respondent  RV Associates, Inc.
SANDERS, J.
¶ 1 The question in this case centers on the mechanic's lien statute, chapter 60.04 RCW.[1] We must determine whether a mechanic's lien can attach to improvements on property but not the real property itself, and if so, whether that lien has priority over a previously recorded deed of trust.
¶ 2 Joanne and Charles Haselwood (the Haselwoods)[2] loaned Bremerton Ice Arena, Inc. (BIA) money to construct an ice arena on property owned by the City of Bremerton (City). A promissory note was executed between the Haselwoods and BIA, which was secured by a deed of trust. BIA defaulted on the promissory note, and the Haselwoods brought an action to foreclosure the deed of trust against BIA, RV Associates, Inc. (RV), *310 and 11 other creditors. They also sought a declaration that their deed of trust was prior to all other liens on the property. RV asserted by counterclaim that its mechanic's lien against BIA for failure to pay was superior to all other liens on the property because RV delivered equipment to the property before the Haselwoods recorded their deed of trust. The trial court held the Haselwoods' deed of trust was superior to RV's lien under chapter 60.04 RCW. The Court of Appeals reversed in part, holding RV's lien attached only to the improvements and was superior to Haselwoods' deed of trust, affirmed in part, and remanded for further proceedings. We affirm the Court of Appeals.

FACTS AND PROCEDURAL HISTORY
¶ 3 The United States Secretary of the Interior deeded 17.6 acres of land to the City in 1971 for use as a public park and recreation center. The conveyance prohibited the City from leasing the land except to another government agency, but allowed the City to provide recreational facilities and services by entering into private concession agreements, subject to approval by the Secretary of the Interior.
¶ 4 On August 9, 2002 the City and BIA entered into a concession agreement, which granted BIA a ground and use concession to develop, construct, and operate an ice arena on city property. The concession agreement provided in pertinent part: (1) the City retains ownership of the land; (2) BIA cannot encumber the land; (3) BIA will build and operate an ice arena on the land (Arena); (4) BIA will own the Arena for 10 years, with four successive 10-year renewal options; (5) BIA will own improvements developed and constructed on the land subject to any security interest of a lender during the agreement; and (6) ownership of the Arena and all improvements will revert to the City when the agreement terminates.
¶ 5 The Haselwoods agreed to loan BIA funds to construct the Arena. In exchange for an initial loan of $3,775,000 at 10 percent interest, BIA executed and delivered a promissory note to the Haselwoods on September 5, 2002, secured by a commercial security agreement and a deed of trust. The deed of trust purported to secure the loans by (1) the real property at the Arena location; (2) the concession agreement; and (3) all buildings, improvements, and tenements located on the real property. The Haselwoods recorded the deed of trust on September 13, 2002.
¶ 6 BIA hired the Wootan Group as construction manager and general contractor for the Arena construction. RV submitted a $441,716 bid to the Wootan Group to clear, grade, and backfill the site; install drainage, sewer, and water lines; and install a storm water system. The Wootan Group awarded the contract to RV on August 17, 2002, providing RV commenced work by September 9, 2002. RV first delivered equipment to the site on September 6, 2002. RV and BIA executed their contract on September 20, 2002.
¶ 7 RV performed "clearing, grubbing, mass excavation, installation of sewer lines, water lines, storm systems, sidewalks, asphalt paving, striping and curb and gutter." Clerk's Papers (CP) at 199. After RV commenced working, the Wootan Group made several changes to the plans and specifications, which RV claimed increased the cost of its work. RV claimed BIA failed to pay $101,905.30 required by its contract and recorded a statutory mechanic's lien against BIA and the Arena in July 2003.
¶ 8 After BIA defaulted on its promissory note to the Haselwoods in August 2003, the Haselwoods filed a complaint for foreclosure in Kitsap County Superior Court against BIA, RV, and 11 other creditors with interest in the Arena. The Haselwoods sought a declaration their security interest was prior to all other liens on the property, and a decree of foreclosure authorizing sale of the property.
¶ 9 RV filed an answer, counterclaim, and cross claim, asserting it had a mechanic's lien on the real property underlying the Arena, and its lien was superior to all other liens, including the Haselwoods' security interests. RV claimed priority of liens under RCW 60.04.061, asserting it delivered equipment to the site on September 6, 2002, one week before the Haselwoods recorded their deed of trust. RV sought $101,905.30 plus 18 percent *311 interest, costs, and attorney fees from BIA; a declaration its mechanic's lien was superior to all other claims on the property; and foreclosure.
¶ 10 In May 2004 RV moved for summary judgment against BIA, declaring its lien to be superior to all other liens and claims on the property. In response to RV's motion, the Haselwoods argued (1) the real property underlying the Arena is not lienable because it is public property, (2) RV's lien claim is void, and (3) even if RV had a valid lien on improvements, its priority cannot be determined based on RV's claim.
¶ 11 Before the trial court issued its order regarding RV's motion for summary judgment, RV moved for an order allowing it to remove its improvements pursuant to RCW 60.04.051. The Haselwoods opposed the motion, arguing RV had no authority to remove the improvements, RV had not established the amount of money owed to it by BIA, and RV had not established priority of lien over the Haselwoods' deed of trust. The City also opposed RV's motion to remove the improvements and filed a motion to intervene. The trial court granted the City's motion to intervene. The trial court found there were multiple contested factual issues and ordered a fact finding hearing to resolve the removal issue.
¶ 12 Prior to the hearing on whether RV could remove its improvements, the court denied in part and granted in part RV's motion for summary judgment against BIA in September 2004. The trial court ruled that RV's lien did not attach to the real property underlying the Arena, the corporate entity BIA, or the concession agreement. The court also found RV's lien "may attach to certain improvements to the facility commonly known as the Bremerton Ice Arena," but reserved ruling on that issue. CP at 609-10.
¶ 13 In January 2005 the Haselwoods moved for summary judgment against RV on the removal issue, arguing its lien was first and paramount. The trial court granted the Haselwoods' motion. It ruled that the remedy of removal is available only to a lien claimant who has priority, but RV's lien is "junior, inferior and subordinate" to the Haselwoods' deed of trust. CP at 773.
¶ 14 In August 2005 RV sought to file an amended answer, a counterclaim, and cross claims against the Haselwoods and the City. Both the Haselwoods and the City opposed the motion, arguing an amendment would be prejudicial. The trial court denied RV's motion to amend, finding that good cause did not exist.
¶ 15 In September 2005 the trial court entered a final judgment and decree of foreclosure in favor of the Haselwoods. RV filed a motion for discretionary review, which the Court of Appeals, Division Two, granted. Haselwood v. Bremerton Ice Arena, Inc., 137 Wash.App. 872, 155 P.3d 952 (2007).
¶ 16 The Court of Appeals affirmed in part, reversed in part, and remanded for further proceedings. Id. Specifically, the Court of Appeals held (1) under RCW 60.04.051, RV's lien could attach only to the improvements, not to the real property underlying the Arena; (2) RCW 60.04.061 applied to RV's lien on the improvements, making it superior to the Haselwoods' deed of trust because it relates back to the date RV delivered equipment to the construction site; and (3) the trial court's denial of RV's motion to amend was not an abuse of discretion. Id. at 883, 887-88, 889-91, 155 P.3d 952. In addition, the Court of Appeals reversed the trial court's award of attorney fees to the Haselwoods and declined to award attorney fees to the Haselwoods and RV on appeal. Id. at 891, 155 P.3d 952.
¶ 17 The Court of Appeals did not address RV's argument that it may remove its improvements regardless of priority because it concluded the trial court erred regarding the priority of RV's lien. Id. at 888, 155 P.3d 952. Instead it held that BIA's outstanding obligation to RV would be determined on remand. Id. The Court of Appeals also did not decide whether RV's lien was valid. See id. at 885, 891 n. 7, 155 P.3d 952.
¶ 18 The Haselwoods petitioned this court for review, which we granted. 163 Wash.2d 1017, 180 P.3d 1291 (2008).

*312 ISSUES
I. Does RV's lien attach to the improvements on the real property under the concession agreement and RCW 60.04.051? We hold it does. Under the concession agreement BIA could only own improvements to the land, and RCW 60.04.051 allows a lien on improved property to extend only to the interest of the owner of the land.
II. If RV has a lien on the improvements on the property, does RV's lien have priority over the Haselwoods' deed of trust under RCW 60.04.061? We hold RV's lien has priority because under RCW 60.04.061 a lien relates back to the date materials are first delivered to the site.

STANDARD OF REVIEW
¶ 19 We review an order granting summary judgment de novo, taking all facts and inferences in the light most favorable to the nonmoving party. Biggers v. City of Bainbridge Island, 162 Wash.2d 683, 693, 169 P.3d 14 (2007). Statutory interpretation is a question of law reviewed de novo. TCAP Corp. v. Gervin, 163 Wash.2d 645, 650, 185 P.3d 589 (2008).

ANALYSIS
¶ 20 We are asked to apply the mechanic's lien statute, chapter 60.04 RCW. The Court of Appeals held that RV's lien is limited to the improvements on the property under RCW 60.04.051, and RV's lien is superior to the Haselwoods' deed of trust because it relates back as per RCW 60.04.061. The Haselwoods argue the Court of Appeals erred in holding that RCW 60.04.061 gives priority to a lien on improvements, but not the real property itself. We affirm the Court of Appeals.
¶ 21 When interpreting a statute we first look to its plain language. State v. Armendariz, 160 Wash.2d 106, 110, 156 P.3d 201 (2007). If the plain language is subject to only one interpretation, our inquiry ends because plain language does not require construction. Id.; State v. Thornton, 119 Wash.2d 578, 580, 835 P.2d 216 (1992). Absent ambiguity or a statutory definition, we give the words in a statute their common and ordinary meaning. Garrison v. Wash. State Nursing Bd., 87 Wash.2d 195, 196, 550 P.2d 7 (1976). To determine the plain meaning of an undefined term, we may look to the dictionary. Id.
¶ 22 If the statute remains subject to multiple interpretations after analyzing the plain language, it is ambiguous. Burton v. Lehman, 153 Wash.2d 416, 423, 103 P.3d 1230 (2005). A statute is ambiguous if "susceptible to two or more reasonable interpretations," but "a statute is not ambiguous merely because different interpretations are conceivable." State v. Hahn, 83 Wash.App. 825, 831, 924 P.2d 392 (1996). "If the statutory language is susceptible to more than one reasonable interpretation, then a court may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent." Christensen v. Ellsworth, 162 Wash.2d 365, 373, 173 P.3d 228 (2007).
¶ 23 Mechanic's and materialmen's liens are creatures of statute, in derogation of common law, and therefore must be strictly construed to determine whether a lien attaches. Dean v. McFarland, 81 Wash.2d 215, 219-20, 500 P.2d 1244 (1972). But if it is determined a party's lien is covered by chapter 60.04 RCW, the statute is to be liberally construed to provide security for all parties intended to be protected by its provisions. RCW 60.04.900; see Lumberman's of Wash., Inc. v. Barnhardt, 89 Wash.App. 283, 286, 949 P.2d 382 (1997).

RV's lien attaches to the improvements on the property
¶ 24 We must first determine the scope of RV's lien on the property. RV argues its lien attaches to BIA's interest in the improvements to the property, and the Haselwoods concede that RV may have a lien on the improvements on the property. The Court of Appeals held "under RCW 60.04.051 and the concession agreement, RV Associates' lien could attach only to the improvements, not the underlying realty." Haselwood, *313 137 Wash.App. at 883, 155 P.3d 952. We agree.
¶ 25 RCW 60.04.021 provides "any person furnishing labor, professional services, materials, or equipment for the improvement of real property shall have a lien upon the improvement for the contract price of labor, professional services, materials, or equipment furnished at the instance of the owner, or the agent or construction agent of the owner." The Court of Appeals correctly states that the attachment of a lien is limited "to the interest of the person who requests the labor or materials, or that person's agent." Haselwood, 137 Wash.App. at 882, 155 P.3d 952 (citing W.T. Watts, Inc. v. Sherrer, 89 Wash.2d 245, 248, 571 P.2d 203 (1977)). This was codified in RCW 60.04.051, which provides "[t]he lot, tract, or parcel of land which is improved is subject to a lien to the extent of the interest of the owner at whose instance, directly or through a common law or construction agent the labor, professional services, equipment, or materials were furnished." The extent of a lien under RCW 60.04.051 is based on the interest of the person regulating the services and materials.
¶ 26 Under the concession agreement between the City and BIA, the City retained ownership of the underlying land, while BIA owned the Arena and any improvements on the land for the duration of the agreement. When the concession agreement terminated, the improvements on the land would revert to the City. BIA never owned the land underlying the Arena. The most BIA could own, during the agreement, was the improvements to the land. Under RCW 60.04.051 and the concession agreement, RV's lien could reach only the improvements on the property, not the underlying property.
¶ 27 Washington courts have repeatedly held since 1931 public property cannot be subject to a mechanic's lien. Hall & Olswang v. Aetna Cas. & Sur. Co., 161 Wash. 38, 47, 296 P. 162 (1931); see Hewson Constr., Inc. v. Reintree Corp., 101 Wash.2d 819, 828-29, 685 P.2d 1062 (1984); 3A Indus., Inc. v. Turner Constr. Co., 71 Wash.App. 407, 411, 869 P.2d 65 (1993). RV has put forth no compelling reason to abandon this well-established principle, so we decline to do so. Since the underlying real property here is public land owned by the City, it is not subject to a lien.
¶ 28 RV's lien is limited to the improvements on the land, which constitute BIA's personal property, not the underlying real property owned by the City. We must next determine whether RV's lien has priority over the Haselwoods' deed of trust.

RV's lien on improvements has priority over the Haselwoods' deed of trust
¶ 29 RV argues its lien has priority over the Haselwoods' deed of trust under the "relation-back" statute, RCW 60.04.061, because it delivered equipment to the property one week before the Haselwoods recorded their deed of trust. The Haselwoods argue that even if RV has a lien on the improvements to the land, RV's lien is junior to the Haselwoods' deed of trust because RV's lien does not attach to the publicly-owned real property, making the relation-back statute inapplicable. The Court of Appeals held that RCW 60.04.061 applies to RV's lien on improvements to give it priority over the Haselwoods' deed of trust. Haselwood, 137 Wash. App. at 888, 155 P.3d 952. We agree.
¶ 30 We must first determine whether RCW 60.04.061 applies to liens on improvements or only to liens that reach the underlying real property. If RCW 60.04.061 applies to liens on improvements, then RV's lien has priority because RV's first delivery of equipment to the site was one week before the Haselwoods recorded their deed of trust.
¶ 31 RCW 60.04.061 provides:
The claim of lien created by this chapter upon any lot or parcel of land shall be prior to any lien, mortgage, deed of trust, or other encumbrance which attached to the land after or was unrecorded at the time of commencement of labor or professional services or first delivery of materials or equipment by the lien claimant.
The Haselwoods argue that a lien "upon any lot or parcel of land" means the relation-back section of the statute applies only to real property, not improvements to the property. The Haselwoods contend the Court of Appeals *314 erred in holding RCW 60.04.061 gives priority to a lien on improvements.
¶ 32 RCW 60.04.011(5) defines "improvements":
"Improvement" means: (a) Constructing, altering, repairing, remodeling, demolishing, clearing, grading, or filling in, of, to, or upon any real property or street or road in front of or adjoining the same; (b) planting of trees, vines, shrubs, plants, hedges, or lawns, or providing other landscaping materials on any real property; and (c) providing professional services upon real property or in preparation for or in conjunction with the intended activities in (a) or (b) of this subsection.
The Court of Appeals accurately held "[t]he activities described in subsections (a) and (b) strongly suggest that the resulting improvements will be permanently affixed to or part of the realty. Generally, such permanent improvements become a part of the realty unless a contrary intention is expressed." Haselwood, 137 Wash.App. at 886, 155 P.3d 952. However sometimes a lien will not reach the real property because the improvements to the property are completed for someone who owns less than a fee estate in the property. See Columbia Lumber Co. v. Bothell Dairy Farm, 174 Wash. 662, 664, 25 P.2d 1037 (1933). As the Court of Appeals correctly stated, "[t]he legislature anticipated this problem and responded to it by enacting RCW 60.04.051, which permits a lienholder to remove its improvements if the lien does not attach to the real property." Haselwood, 137 Wash.App. at 886-87, 155 P.3d 952.
¶ 33 The improvements performed by RV included clearing; mass excavation; installing sewer lines, water lines, storm systems, and sidewalks; paving; and striping. These improvements permanently attached to the real property but were performed for BIA, which did not hold a fee estate in the real property.
¶ 34 The Court of Appeals interpreted the statutory language "lot or parcel of land" to include the improvements made by RV, stating:
Under these circumstances, where the improvement cannot reasonably be treated as anything but a permanent structure, it is reasonable to conclude that the lien is "upon a parcel of land" within the meaning of RCW 60.04.061 because the lien attached to a permanent improvement on the lot.
Id. at 887, 155 P.3d 952. In other words, the Court of Appeals interpreted the statutory language "claim of lien created by this chapter upon any lot or parcel of land" to include the lien RV filed on the improvements. The Court of Appeals reasoned, "the work RV Associates performed would have become a part of the realty and inured to the City's benefit. Even though the agreement designates the improvements as personal property, the ice arena is nonetheless permanently situated on the City's real property." Id.
¶ 35 The Court of Appeals correctly held that "the trial court erred in interpreting RCW 60.04.061 to relate back only when the lien attaches to real property." Id. at 888, 155 P.3d 952. RV's lien on the improvements therefore attached on the day it delivered the equipment to the site, so its lien has priority over the Haselwoods' deed of trust.

Attorney Fees
¶ 36 Under RAP 18.1 a party can recover reasonable attorney fees or expenses if applicable law grants the party that right and the party devotes a section of its opening brief to request fees or expenses. RAP 18.1(a), (b). In an action in which different construction liens are claimed against the same property, RCW 60.04.181(3) provides that "[t]he court may allow the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action, ... attorneys' fees and necessary expenses incurred by the attorney in the superior court, court of appeals, supreme court, or arbitration, as the court or arbitrator deems reasonable."
¶ 37 Here RV did not comply with RAP 18.1 because it did not devote a section of its opening brief to attorney fees. RV requested attorney fees in its supplemental brief. Suppl. Br. of Resp't at 8-9. Thus, RV is not entitled to attorney fees from this court, although RV may be entitled to fees if it prevails on remand.

*315 CONCLUSION
¶ 38 We affirm the Court of Appeals holding that RV's lien could attach to the improvements under RCW 60.04.051, giving RV's lien priority over the Haselwoods' deed of trust under RCW 60.04.061. We remand for further proceedings consistent with this opinion.
WE CONCUR: CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ.
STEPHENS, J., (concurring).
¶ 39 While I agree with the majority's resolution of this case, I do not agree that RV Associates' request for attorney fees and costs is procedurally barred by RAP 18.1. As the dissent correctly observes, we have found compliance with RAP 18.1 where, as here, a party requests attorney fees and costs in its supplemental brief. This is consistent with our preference for liberal construction of the appellate rules, set forth in RAP 1.2(a):
These rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands, subject to the restrictions in rule 18.8(b).
I agree with the dissent that, at this juncture, RV Associates is not a "prevailing party" entitled to attorney fees under RCW 60.04.181(3). This determination must abide further proceedings on remand. However, we should not foreclose RV Associates' opportunity to seek recovery of the attorney fees and costs it incurred on appeal if it is ultimately determined to be the prevailing party in this action.
WE CONCUR: MADSEN, J.
ALEXANDER, C.J., (dissenting).
¶ 40 In my judgment, we should reverse the portion of the Court of Appeals' decision in which that court holds RV Associates, Inc.'s (RV) lien on the improvements it made to the city of Bremerton's (City) property is superior to Charles and Joanne Haselwood's deed of trust. Because the concession agreement between the City and Bremerton Ice Arena (BIA) plainly states that the improvements shall remain the personal property of BIA during the term of the agreement, RV's lien is not "upon any lot or parcel of land" within the meaning of RCW 60.04.061.[1] Thus, the statute does not apply to RV's lien and, as such, the lien does not relate back to the date RV first delivered equipment to the City's property. RV's lien is, therefore, inferior to the Haselwoods' deed of trust. In addition, I disagree with the majority's reasoning on the question of RV's attorney fees request. Accordingly, I dissent.

PRIORITY
¶ 41 The majority errs in affirming the Court of Appeals' conclusion that RCW 60.04.061 applies to RV's lien on the improvements. Majority at 313 (citing Haselwood v. Bremerton Ice Arena, Inc., 137 Wash.App. 872, 883, 155 P.3d 952 (2007)). In my view, the Court of Appeals' decision in this regard contradicts Washington common law and conflicts with the legislative intent behind chapter 60.04 RCW.
¶ 42 "As a general rule, structures of a permanent character erected on land by the owner in fee simple are presumed to be built for the purpose of improving the land and to become a part of the realty, in the absence of evidence [to the] contrary." Cutler v. Keller, 88 Wash. 334, 337, 153 P. 15 (1915). In the context of a lease, an improvement erected by the lessee becomes part of the underlying land absent an agreement to the contrary. Murray v. Odman, 1 Wash.2d 481, 485, 96 P.2d 489 (1939) (building erected by lessee became part of land where lease provided lessee would construct building but contained no provision denoting character of building) (citing Toellner v. McGinnis, 55 Wash. 430, 104 P. 641 (1909)); see also Pier 67, Inc. v. King County, 71 Wash.2d 92, 94, 426 P.2d *316 610 (1967) (buildings permanently erected by lessee on property leased from the State of Washington "become a part of the realty as soon as constructed" where "[t]he lease does not provide that the improvements are to be the property of the lessee") (citing Murray, 1 Wash.2d at 485, 96 P.2d 489; Toellner, 55 Wash. 430, 104 P. 641). Notwithstanding the common law default rule, however, a lease controls where it plainly states that improvements constructed by the lessee are to remain its personal property during the term of the lease. See, e.g., Wash. Mut. Sav. Bank v. Dep't of Revenue, 77 Wash.App. 669, 671-72, 893 P.2d 654 (1995) (pursuant to the language of the lease, improvements constructed by lessee were its personal property for 99-year lease term and would become property of lessor at expiration of lease).
¶ 43 Here, the concession agreement is evidence that is "contrary" to the common law default rule. The agreement clearly states that the improvements are to remain BIA's personal property for its duration and, accordingly, the agreement controls.[2] I would hold that the improvements are not part of the underlying land and, therefore, conclude that RCW 60.04.061 does not apply to RV's lien because it is not "upon any lot or parcel of land." In reaching the opposite conclusion, the Court of Appeals' reasoning conflicted with the terms of the agreement and contradicted the common law.[3]
¶ 44 In addition, the Court of Appeals' decision conflicts with the intent of the legislature as evidenced by the legislative history and terms of chapter 60.04 RCW. The legislative history of chapter 60.04 RCW demonstrates that RCW 60.04.061 does not apply to liens upon improvements. I reach that conclusion based on Laws of 1991, chapter 281, which replaced the previous priority statute, former RCW 60.04.050 (1989) (gave priority to "[t]he liens created by this chapter"), repealed by Laws of 1991, ch. 281, § 31, with the current priority statute, RCW 60.04.061 (gives priority to "[t]he claim of lien created by this chapter upon any lot or parcel of land"), and added the section authorizing liens upon improvements, RCW 60.04.021. Laws of 1991, ch. 281, §§ 2, 6, 31.
¶ 45 "[T]he legislature does not engage in unnecessary or meaningless acts, and we presume some significant purpose or objective in every legislative enactment." John H. Sellen Constr. Co. v. Dep't of Revenue, 87 Wash.2d 878, 883, 558 P.2d 1342 (1976) (citing Knowles v. Holly, 82 Wash.2d 694, 513 P.2d 18 (1973); Roza Irrigation Dist. v. State, 80 Wash.2d 633, 497 P.2d 166 (1972); Kelleher v. Ephrata Sch. Dist. No. 165, 56 Wash.2d 866, 355 P.2d 989 (1960)). Thus, we presume that the legislature intended to change the priority statute when it narrowed its scope from "[t]he liens created by this chapter" to "[t]he claim of lien created by this chapter upon any lot or parcel of land." Given that the legislature made this change contemporaneously with its enactment of the statute establishing the right to claim liens upon improvements, we should presume that the legislature intended to exclude liens upon improvements from the scope of the priority statute. The current priority statute should, therefore, be construed as not applying to liens upon improvements. As such, the *317 Court of Appeals' opposite conclusion is in conflict with this legislative history.
¶ 46 Furthermore, differences in statutory terms within chapter 60.04 RCW evidence legislative intent that RCW 60.04.061 does not apply to liens upon improvements. "[W]here the Legislature uses certain statutory language in one instance, and different language in another, there is a difference in legislative intent." United Parcel Serv., Inc. v. Dep't of Revenue, 102 Wash.2d 355, 362, 687 P.2d 186 (1984) (citing Seeber v. Wash. State Pub. Disclosure Comm'n, 96 Wash.2d 135, 139, 634 P.2d 303 (1981)). Here, the Court of Appeals' conclusion is undermined by the legislature's use of the statutory language "claim of lien created by this chapter upon any lot or parcel of land" in RCW 60.04.061, taken together with its use of the terms "lien upon the improvement" in RCW 60.04.021 and "lot, tract, or parcel of land which is improved" and "land upon which the improvement is situated" in RCW 60.04.051. The different language used within chapter 60.04 RCW reveals the legislature's intent to distinguish land from improvements. Thus, the Court of Appeals' conclusion conflicts with the intent of the legislature that land is separate and distinct from improvements for purposes of chapter 60.04 RCW.
¶ 47 For the aforementioned reasons, I conclude that RCW 60.04.061 does not apply to RV's lien on the improvements. I would accordingly hold that RV's lien does not relate back pursuant to the statute and, therefore, is inferior to the Haselwoods' deed of trust.

ATTORNEY FEES
¶ 48 Although I agree with the result the majority reaches regarding attorney fees, I depart from its reasoning because it is based on the erroneous conclusion that RV did not comply with RAP 18.1. Majority at 314. Regardless of whether this court affirms or reverses the Court of Appeals' decision regarding priority, I would deny the parties' requests for attorney fees because neither party is the "prevailing party in the action" under RCW 60.04.181(3). The prevailing party will not be determined at least until the Court of Appeals, on remand, decides the removal question. See Haselwood, 137 Wash.App. at 888, 155 P.3d 952 ("[B]ecause we conclude that the trial court erred in finding the Haselwoods' deed of trust senior to RV Associates' mechanics' lien, we do not address RV Associates' argument that it may remove its improvements regardless of priority.").
¶ 49 The majority's reasoning under RAP 18.1 clearly conflicts with the precedent established by this court. Specifically, the majority erroneously concludes that RV is not entitled to attorney fees from this court "because it did not devote a section of its opening brief to attorney fees." Majority at 314. This court has held, however, that a party may comply with RAP 18.1 in this court by devoting a section of its supplemental brief to its attorney fees request. See, e.g., Pinecrest Homeowners Ass'n v. Glen A. Cloninger & Assocs., 151 Wash.2d 279, 293, 87 P.3d 1176 (2004) ("[Petitioner] complied with RAP 18.1(b) by devoting a section of its petition for review and supplemental brief to its attorney fee request."); Allison v. Housing Auth., 118 Wash.2d 79, 98, 821 P.2d 34 (1991) ("[Petitioner] has complied with the procedural requirements of RAP 18.1" where "in her supplemental brief, [she] requested attorney's fees and costs."). This is true even where the party failed to request attorney fees in its opening brief to the Court of Appeals. See, e.g., Barnett v. Buchan Baking Co., 108 Wash.2d 405, 408, 738 P.2d 1056 (1987) (Respondent's "[f]ailure to comply with RAP 18.1(b), (c), and (d) precluded an award [of attorney fees] in the Court of Appeals[, but respondent] has complied with RAP 18.1 in this court and is entitled to fees here."). Thus, a party may be awarded attorney fees in this court even if it is precluded from an award of attorney fees in the Court of Appeals. Because RV devoted a section of its supplemental brief to attorney fees, the majority errs in concluding that RV failed to comply with RAP 18.1 in this court.

CONCLUSION
¶ 50 I dissent from the majority's affirmance of the Court of Appeals' conclusion regarding the priority question. I would hold that RCW 60.04.061 does not apply to *318 RV's lien on the improvements and, consequently, that RV's lien is inferior to the Haselwoods' deed of trust. In addition, I would deny RV attorney fees here because it is not the prevailing party  not because of what the majority claims is its failure to comply with RAP 18.1.
WE CONCUR: C. JOHNSON, J.
NOTES
[1] A "mechanic's lien" is "[a] statutory lien that secures payment for labor or materials supplied in improving, repairing, or maintaining real or personal property, such as a building, an automobile, or the like." Black's Law Dictionary 943 (8th ed.2004).
[2] Charles Haselwood died on November 20, 2006, so we will refer to Joanne Haselwood and the estate of Charles Haselwood collectively as the Haselwoods.
[1] RCW 60.04.061 provides: "The claim of lien created by this chapter upon any lot or parcel of land shall be prior to any lien, mortgage, deed of trust, or other encumbrance which attached to the land after or was unrecorded at the time of commencement of labor or professional services or first delivery of materials or equipment by the lien claimant."
[2] In pertinent part, the concession agreement provides that during the term of the agreement, BIA owns the improvements it develops and constructs upon the real property, stating, "any and all development and construction of improvements to the Premises are owned by CONCESSIONAIRE during the term of this Agreement." Clerk's Papers (CP) at 263. In addition, "the agreement designates improvements as personal property." Majority at 314 (quoting Haselwood, 137 Wash.App. at 887, 155 P.3d 952); see CP at 275, 277.
[3] The Court of Appeals, without citing any authority, erroneously concluded that RV's lien is "`upon a parcel of land,' within the meaning of RCW 60.04.061." Haselwood, 137 Wash.App. at 887, 155 P.3d 952. To reach this conclusion, the Court of Appeals wrongly reasoned that the ice arena is "permanently situated on the City's real property" and "[u]nder these circumstances ... the improvement cannot ... be treated as anything but a permanent structure." Id. It is my judgment that the Court of Appeals erred in its reasoning for at least two reasons. First, its reasoning conflicts with the terms of the concession agreement that provide the "lender is entitled to remove the Improvements on the Premises." CP at 277. Second, the Court of Appeals' reasoning contradicts the common law by not giving effect to the agreement's provision that designates the improvements as personal property. See id.