# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 69368-9-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN JAMES PEELER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: February 24, 2014 |
| | ) | |

LAU, J. — "Our system assigns to the prosecutor, not the court, the responsibility of ensuring that defendants are timely brought to trial." State v. Morris, 126 Wn.2d 306, 314, 892 P.2d 734 (1995). Under the intrastate detainers act, chapter 9.98 RCW, a prisoner who has been sentenced to a term of imprisonment in a penal or correctional institution of this state must be brought to trial within 120 days after the State receives a prisoner's valid request for speedy disposition of an untried indictment, information, or complaint, unless the court grants a continuance. Because the State failed to bring Ryan Peeler to trial timely, the trial court erred in denying Peeler's motion to dismiss the second degree assault charge. We reverse the conviction and judgment and remand to the trial court with instructions to dismiss with prejudice pursuant to RCW 9.98.020.

## FACTS

Because the parties do not dispute the procedural facts and the principal issue implicates the timing of events, we summarize the following chronology:

Jan. 28, 2011    Skagit County charges Peeler by information with second degree assault. At the time, Peeler is in Snohomish County Jail on an unrelated charge.

Sept. 12, 2011    Peeler is sentenced to a term of imprisonment on the Snohomish County charge.

Sept. 20, 2011    Peeler commences his prison term at the Washington Corrections Center (WCC) in Shelton.

Oct. 7, 2011    While at the WCC, Peeler initiates his first request for speedy disposition of the untried Skagit County charge under RCW 9.98.

Oct. 18, 2011    WCC transports Peeler to King County pursuant to a September 28, 2011 transport order.

Oct. 24, 2011    A WCC official signs a certificate of inmate status attesting that Peeler is a prisoner at that institution.

Oct. 26, 2011    The Skagit County prosecuting attorney and superior court receive Peeler's request and the certificate of inmate status.

Oct. 27, 2011    The Skagit County Superior Court orders the Department of Corrections (DOC) to transport Peeler to the Skagit County Jail "as soon as possible." Between October 27, 2011, and November 17, 2011, DOC advises the Skagit County Prosecuting Attorney's Office by telephone that it cannot comply with the transport order because Peeler is in the King County jail.

Dec. 23, 2011    Peeler pleaded guilty and is sentenced to a term of imprisonment on the King County case.

Dec. 30, 2011    Peeler is transported from the King County jail to the WCC.

Jan. 20, 2012    Peeler initiates his second request for speedy disposition of the untried Skagit County charge. A WCC official signs a second certificate of inmate status.

Feb. 2, 2012    The Skagit County Superior Court issues a transport order for Peeler and the deputy prosecuting attorney notes a hearing for February 16, 2012.

Feb. 14, 2012    DOC transports Peeler to the Skagit County Jail.

Feb. 16, 2012   The Skagit County Superior Court arraigns Peeler on the second degree assault charge and sets the initial trial date for April 9, 2012.

Feb. 23, 2012   The 120-day deadline based on Peeler's first request for speedy disposition expires.

Aug. 17, 2012   Peeler moves to dismiss the Skagit County charge with prejudice for violation of the 120-day speedy disposition deadline under RCW 9.98.010(1).

Aug. 22, 2012   The Skagit County Superior Court denies Peeler's motion.

Aug. 27, 2012   Trial commences over 10 months after the prosecutor and court receive Peeler's first speedy disposition request.

The trial court's August 22, 2012 order denying Peeler's motion to dismiss stated:

1. For RCW 9.98.010 to apply the person must be imprisoned and available for transport.
2. Upon the first request for final disposition in October of 2011, the defendant was not available for transport and therefore the 120-day clock could not start.

A jury convicted Peeler of second degree assault and returned a special verdict finding that the victim's injuries substantially exceeded the level of bodily harm necessary to constitute substantial bodily harm. The trial court imposed an exceptional 100-month sentence. Peeler appeals.

## ANALYSIS

This case involves the proper interpretation of Washington's intrastate detainers act. At issue are RCW 9.98.010 and RCW 9.98.020.

RCW 9.98.010 provides:

(1) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he or she shall be brought to trial within one hundred twenty days after he or she shall have caused to be delivered to the prosecuting attorney and the superior court of the county in which the indictment, information, or complaint is pending written notice of the place of his or her imprisonment and his or her request for a final disposition to be made of

-3-

the indictment, information, or complaint: PROVIDED, That for good cause shown in open court, the prisoner or his or her counsel shall have the right to be present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the indeterminate sentence review board relating to the prisoner.

(2) The written notice and request for final disposition referred to in subsection (1) of this section shall be given or sent by the prisoner to the superintendent having custody of him or her, who shall promptly forward it together with the certificate to the appropriate prosecuting attorney and superior court by certified mail, return receipt requested.

(3) The superintendent having custody of the prisoner shall promptly inform him or her in writing of the source and contents of any untried indictment, information, or complaint against him or her concerning which the superintendent has knowledge and of his or her right to make a request for final disposition thereof.

RCW 9.98.020 provides:

In the event that the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

Peeler contends that the State violated his right to a timely trial under chapter 9.98 RCW despite his compliance with the requirements of RCW 9.98.010. The State claims Peeler's first request for disposition was void because Peeler was in King County jail on the date of receipt. It argues that a request is effective only if, on the date of receipt, the prisoner is (1) physically located at a state prison and (2) available for transport. As discussed below, nothing in the plain text of the intrastate detainers act supports the State's interpretation.

The meaning of a statute is a question of law we review de novo. In interpreting a statute, our fundamental objective is to ascertain and carry out the legislature's intent. Statutory interpretation begins with a statute's plain meaning. Plain meaning "is to be discerned from the ordinary meaning of the language at

-4-

issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." State v. Engel, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009). If the statute is unambiguous after a review of the plain meaning, the court's inquiry is at an end. A statute is ambiguous when it is "'susceptible to two or more reasonable interpretations,' but 'a statute is not ambiguous merely because different interpretations are conceivable.'" Estate of Haselwood v. Bremerton Ice Arena, Inc., 166 Wn.2d 489, 498, 210 P.3d 308 (2009) (quoting State v. Hahn, 83 Wn. App. 825, 831, 924 P.2d 392 (1996)).

State v. Gray, 174 Wn.2d 920, 926-27, 280 P.3d 1110 (2012) (citations omitted).

"We cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language." State v. Delgado, 148 Wn.2d 723, 727, 63 P.3d 792 (2003). This rule holds even if we believe "the Legislature intended something else but failed to express it adequately."[1] State v. Chester, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997). In sum, when analyzing an unambiguous statute, we assume that the legislature "'means exactly what it says.'" Delgado, 148 Wn.2d at 727 (quoting Davis v. Dep't of Licensing, 137 Wn.2d 957, 964, 977 P.2d 554 (1999)).

Under the act, if a prisoner "has entered upon a term of imprisonment in a penal or correctional institution of this state" and during this imprisonment has an untried indictment, information, or complaint pending in Washington, he may request a final disposition of the untried charge within 120 days by delivering a written notice and request to the prosecuting attorney and superior court where the untried charge is pending. The notice must identify the place of imprisonment. The superintendent with custody over the prisoner must notify the prisoner in writing of any known untried indictment, information, or complaint. The notice must include the prisoner's right to

---

[1] Division Three of this court has concluded, "The legislative history of RCW 9.98.010 is nonexistent." State v. Morris, 74 Wn. App. 293, 297, 873 P.2d 561 (1994), aff'd on other grounds, 126 Wn.2d 306, 892 P.2d 734 (1995).

request a final disposition of the charge. The superintendent must promptly forward the prisoner's notice and request together with the superintendent's notice of inmate status to the appropriate prosecuting attorney and superior court. If the untried charge is not tried within 120 days, the court loses jurisdiction and the untried indictment, information, or complaint must be dismissed with prejudice. This mandatory 120-day rule is subject to the trial court's grant of any necessary or reasonable good cause continuance. "[A]ctual receipt by the prosecuting attorney and superior court of the county in which the indictment, information, or complaint is pending commences the 120-day period." Morris, 126 Wn.2d at 313.

RCW 9.98.010(1) casts the 120-day deadline in absolute terms by employing the term "shall." See Erection Co. v. Dep't of Labor & Indus., 121 Wn.2d 513, 518, 852 P.2d 288 (1993) ("It is well settled that the word 'shall' in a statute is presumptively imperative and operates to create a duty."). Emphasizing the mandatory nature of the statute, our Supreme Court explained, "The whole thrust of the statute is to ensure that once the period properly commences, the prisoner 'shall be brought to trial' within 120 days." Morris, 126 Wn.2d at 314 (quoting RCW 9.98.010(1)).

The State argues RCW 9.98.010's "plain language" applies. Resp't's Br. at 28. We agree. The problem with the State's "plain language" argument is it reads into the statute language that appears nowhere in the statute. The State claims that an otherwise valid disposition request is rendered a nullity if the prisoner is located in a county jail instead of a state prison on the request receipt date. The State cites no controlling authority. RCW 9.98.010(1) unambiguously applies to a prisoner who is serving a sentence in a state prison and during this imprisonment, has an untried

indictment, information, or complaint pending in Washington.[2] The statute imposes no physical location requirement. If the legislature had intended this result, it could have easily drafted the statute to include it.

On September 12, 2011, the Snohomish County Superior Court sentenced Peeler to a 24-month term of imprisonment. He was serving this prison term at WCC, a state prison facility, when he initiated his first disposition request on October 7, 2011, for the Skagit County charge. The Skagit County prosecuting attorney and superior court received Peeler's disposition request on October 26, 2011, while he was still serving his term of imprisonment.[3] Accordingly, we conclude under the statute's plain language that Peeler's first request was effective to trigger the 120-day disposition rule.

In a related argument, the State claims Peeler's request was void because it misidentified Peeler's place of imprisonment on the date of receipt. The State argues, "[Peeler's] notice was also ineffective since his 'notice of the place of his or her imprisonment' was also incorrect since he was no longer in the custody of the department of corrections, but instead was in King County." Resp't's Br. at 28. We are not persuaded by this undue, hypertechnical argument. Peeler's first disposition

---

[2] Indeed, the State acknowledges this point: "The State contends that by the plain language of the statute providing for request for disposition for untried indictment applies when a person is serving a term of imprisonment." Resp't's Br. at 25.

[3] In State v. Bishop, 134 Wn. App. 133, 139 P.3d 363 (2006), the court rejected the State's contention that the defendant was not serving a sentence when she instituted a request under the interstate agreement on detainers (IAD), chapter 9.100 RCW, but merely awaiting resentencing after her drug rehabilitation program was revoked. The court held that the defendant's removal from the drug program did not remove her from her original sentence. She was still under her term of imprisonment when she requested disposition of the Washington charges under the IAD. Bishop, 134 Wn. App. at 139.

request stated, "I am a prisoner at the Washington Corrections Center, P.O. Box 900, Shelton, WA." This statement was accurate when made. The State acknowledges, "Peeler was in the Department of Corrections at the time he submitted the notice and request for final disposition." Resp't's Br. at 27.

The State also argues that Peeler's first request is void because a prisoner must be available for transport on the date the prosecuting attorney and superior court receive his or her disposition request. This unsupported argument is not persuasive for several reasons. First, nothing in the statute's plain text imposes such a limitation. We decline to either omit language that is in the statute or add language that the legislature did not intend.[4]

Next, noticeably absent from the State's briefing is any discussion on the statute's continuance provision quoted above.[5] This provision confers on the court broad discretion to grant, for good cause shown, "any necessary or reasonable continuance." RCW 9.98.010(1). We acknowledge the State's legitimate concern that Peeler was unavailable for transport due to a conflicting King County transport order. There is no dispute that the State never sought a continuance under this provision at any time despite its concern. See State v. Syrotchen, 61 Wn. App. 261, 810 P.2d 64

---

[4] Following oral argument in this case, the State filed a RAP 10.8 statement of additional authorities citing State v. Alexus, 91 Wn.2d 492, 588 P.2d 1171 (1979), State v. Slattum, 173 Wn. App. 640, 295 P.3d 788 (2013), State v. Peterson, 137 Idaho 255, 47 P.3d 378 (Ct. App. 2002), State v. Foster, 107 Or. App. 481, 812 P.2d 440 (1991), and State v. Julian, 244 Kan. 101, 765 P.2d 1104 (1988). These cases do not control.

[5] "Provisos operate as limitations upon or exceptions to the general terms of the statute to which they are appended and as such, generally, should be strictly construed with any doubt to be resolved in favor of the general provisions, rather than the exceptions." State v. Wright, 84 Wn.2d 645, 652, 529 P.2d 453 (1974).

(1991) (good cause existed for granting continuance in order to obtain presence of defendant incarcerated by federal government in another state for purpose of determining whether speedy trial requirements of interstate agreement on detainers had been met).[6] Our record fails to show why the State took no further action to transfer Peeler to Skagit County after he pleaded guilty to the King County charges on December 23, 2011, two months before the 120 days expired on February 23, 2012. Nothing in our record indicates the State contacted King County to determine Peeler's availability for transport to Skagit County after the guilty plea. The record shows a second Skagit County transport order on February 2, 2012, and arraignment scheduled on February 16, 2012, 7 days before expiration of the 120 days. At Peeler's arraignment, the parties apparently agreed to an April 9, 2012 trial date.[7]

> The whole thrust of the statute is to ensure that once the period properly commences, the prisoner "shall be brought to trial" within 120 days. RCW 9.98.010(1). Our system assigns to the prosecutor, not the court, the responsibility of ensuring that defendants are timely brought to trial. See generally U.S. Const. amend. 6 ("[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial"); RCW 9.98.020 ("[i]n the event the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof").

Morris, 126 Wn.2d at 314 (alterations in original).

---

[6] The continuance provision language in the intrastate detainers act and the interstate agreement on detainers (IAD) is nearly identical. Division Three of this court has noted, "RCW 9.98.010 serves the same purpose for intrastate detainers as the IAD does for interstate detainers. The purpose of both acts is 'to encourage the expeditious and orderly disposition of . . . charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints.'" Morris, 74 Wn. App. at 297 (quoting RCW 9.100.010, art. I), aff'd on other grounds, 126 Wn.2d 306, 892 P.2d 734 (1995).

[7] The record shows several trial continuances after the April 9, 2012 trial date.

For the reasons discussed above, the trial court erred when it denied Peeler's motion to dismiss the charge for violation of his right to a timely trial under chapter 9.98 RCW. The State failed to bring Peeler to trial within 120 days after it received his timely and valid disposition request under RCW 9.98.010. Because RCW 9.98.020's mandatory language requires the dismissal with prejudice of an information if the defendant is not brought to trial within 120 days of a valid disposition request, and because no continuances have been granted, we reverse Peeler's conviction and judgment and remand to the trial court with instructions to dismiss the charge with prejudice.[8]

WE CONCUR:

---

[8] Given our disposition, we need not address Peeler's remaining contentions.