[No. 17207-1-II.    Division Two.    July 6, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN A. KUHN, *Petitioner.*

*Jeffrey A. Jahns,* for petitioner (appointed counsel for appeal).

*C. Danny Clem, Prosecuting Attorney,* and *Pamela B. Loginsky, Deputy,* for respondent.

HOUGHTON, J. — John A. Kuhn appeals from a superior court order revoking his deferred prosecution for driving while intoxicated, claiming his subsequent conviction did not support revocation under RCW 10.05.100 because the subsequent conviction was being appealed. We affirm.

## FACTS

On January 23, 1991, John A. Kuhn was cited in Kitsap County for driving a motor vehicle while under the influence of intoxicants. Kuhn petitioned for and received a deferred prosecution pursuant to RCW 10.05.100. The deferred prosecution was conditioned on Kuhn's abstaining from drinking

alcohol during the 2-year deferral period and exhibiting "law abiding behavior to include no criminal or major traffic convictions". On August 17, 1992, Kuhn was convicted in Pierce County of driving a motor vehicle while under the influence of intoxicants. Kuhn filed an appeal from the latter conviction.

In September 1992, based upon the new conviction, the State filed a motion to revoke Kuhn's deferred prosecution in the Kitsap County matter. In response, Kuhn argued that because the Pierce County conviction was pending on appeal, the trial court could not use that conviction as a basis for revoking his deferred prosecution. The State argued that revocation was mandatory under RCW 10.05.100. The District Court denied the motion and the State appealed to the Superior Court.

The Superior Court reversed the District Court's decision, holding that RCW 10.05.100 mandates revocation when a petitioner is convicted (*i.e.,* is adjudicated guilty by judge or jury) of a similar offense while in a deferred prosecution program. The Superior Court ruled that the District Court erred in construing the phrase "subsequent conviction" to mean "subsequent final conviction". The Superior Court also ruled that the subsequent conviction language of RCW 10.05.100 was unambiguous; and that in adopting that language, the Legislature had not intended to allow a petitioner to avoid revocation until a subsequent conviction had passed full appellate review.

## ANALYSIS

Kuhn contends the Superior Court erred in revoking his deferred prosecution under RCW 10.05.100 based upon his subsequent conviction for driving while under the influence of intoxicants. He argues that: (1) RCW 10.05.100 is penal in nature; (2) the "subsequently convicted" language of that statute is ambiguous as to whether revocation is required when a defendant is convicted of a subsequent similar offense or only when the subsequent conviction has passed full appel-

late review; and (3) the rule of lenity requires that ambiguous penal statutes be construed in favor of the defendant.

■ This case has become moot because Kuhn's appeal of his Pierce County conviction was dismissed. *See Klickitat Cy. Citizens Against Imported Waste v. Klickitat Cy.*, 122 Wn.2d 619, 631, 860 P.2d 390, 866 P.2d 1256 (1993) (an appeal that presents purely academic issues is moot). Still, when matters of continuing and substantial public interest remain, a court may exercise its discretion and decide an otherwise moot appeal. *See Save Our State Park v. Hordyk*, 71 Wn. App. 84, 89, 856 P.2d 734 (1993). The criteria a court should apply when deciding to review a moot question are whether: (1) the nature of the question is public rather than private; (2) the decision will offer guidance to public officials; and (3) the question is likely to recur. *See Save Our State Park*, 71 Wn. App. at 89. Because the issue presented by Kuhn satisfies the *Save Our State Park* criteria, we have decided to address it.

## A
## RCW 10.05.100

■ The dispositive issue here is whether the "subsequently convicted" language of RCW 10.05.100 requires revocation when a defendant is adjudged guilty of a subsequent similar offense, or whether revocation is required only after a subsequent conviction has been fully reviewed and upheld on appeal. RCW 10.05.100 provides that:

> [i]f a petitioner is subsequently convicted of a similar offense while in a deferred prosecution program, upon notice the court shall remove the petitioner's docket from the deferred prosecution file and the court shall enter judgment pursuant to RCW 10.05.020.

The proper construction of a statute is a question of law reviewed de novo by the appellate court. *See Our Lady of Lourdes Hosp. v. Franklin Cy.*, 120 Wn.2d 439, 443, 842 P.2d 956 (1993). The primary goal in construing statutes is to ascertain and give effect to the Legislature's intent. *See Lourdes*, 120 Wn.2d at 445. If a statute is unambiguous, then its meaning must be derived from the statutory lan-

guage alone. *See State v. Johnson,* 119 Wn.2d 167, 172, 829 P.2d 1082 (1992); *Morris v. Blaker,* 118 Wn.2d 133, 142, 821 P.2d 482 (1992). A statute is ambiguous if it is subject to two or more reasonable interpretations. *State v. McGee,* 122 Wn.2d 783, 787, 864 P.2d 912 (1993).

■ Here, there is no ambiguity. The plain meaning of the "subsequently convicted" language is that a deferred prosecution will be revoked if the defendant is subsequently adjudicated guilty of a similar offense within the deferred prosecution period. A conviction is a judgment that the accused is guilty as charged. *See generally* Black's Law Dictionary 333 (6th ed. 1990). Here, Kuhn was adjudicated guilty of a subsequent similar offense within the deferred prosecution period. Furthermore, in our view, Kuhn's interpretation of the "subsequently convicted" language is not reasonable because it does little if anything to effectuate the intent of the Legislature.

In enacting the deferred prosecution statute, the Legislature made the following statement of purpose:

> [t]he legislature finds . . . the deferred prosecution program is an alternative to punishment for persons who will benefit from a treatment program if the treatment program is provided under circumstances that do not unreasonably endanger public safety or the traditional goals of the criminal justice system. This alternative to punishment is dependent for success upon appropriate treatment and the willingness and ability of the person receiving treatment to cooperate fully with the treatment program. The legislature finds that some persons have sought deferred prosecution but have been unable or unwilling to cooperate with treatment requirements and escaped punishment because of the difficulties in resuming prosecution . . . The purpose of sections 4 through 19 of this act is to provide specific standards and procedures for judges . . . to use in carrying out the original intent of the deferred prosecution statutes.

Laws of 1985, ch. 352, § 3.

This legislative finding indicates that deferred prosecutions are intended to be an alternative to punishment for those amenable to treatment who can be treated without unreasonably endangering the public. Interpreting the phrase "subsequently convicted" to mean an adjudication of

guilt of a similar offense by a judge or jury best effectuates this legislative intent. To hold otherwise would mean that a petitioner subsequently convicted of a similar offense could avoid revocation and, therefore, punishment, until the subsequent conviction had completed appellate review. Such an interpretation does little to protect the public from the risks presented by the deferred prosecution petitioner who continues to use intoxicants in violation of the petitioner's deferred prosecution conditions.

■ Kuhn also contends that the rule of lenity should apply. We disagree. Because RCW 10.05.100 is not ambiguous, the rule of lenity is not applicable. *See, e.g., Chapman v. United States*, 500 U.S. 453, 463, 114 L. Ed. 2d 524, 537, 111 S. Ct. 1919 (1991).

B

Recoupment of Expenses

At the time Kuhn appealed the Superior Court's order, the Superior Court declared Kuhn to be indigent and ordered that certain expenses associated with his appeal be paid at public expense. Those expenses included the filing fee for the appeal as well as the cost of the clerk's papers, reproducing the briefs and other papers, and the services of counsel. According to the State, some or all of those expenses were paid by the Appellate Indigent Defense Fund (AIDF).

■ The State contends it is entitled to recover from Kuhn the aforementioned costs paid by the AIDF, because: (1) the State was the prevailing party; (2) costs associated with Kuhn's appeal were paid by the AIDF, which is funded by the State; and (3) AIDF expenditures on behalf of an unsuccessful indigent criminal defendant constitute a cost incurred by the prevailing party. Pursuant to RAP 14.2,

[a] commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review, unless the appellate court directs otherwise in its decision terminating review. . . .

Pursuant to RAP 14.3, however, the substantially prevailing party may recover only statutory attorney fees and certain

reasonable expenses "actually incurred" by that party. *See* RAP 14.3(a).

In the present case, the AIDF was not a party. Nor has the State's representative here, the prosecuting attorney of Kitsap County, demonstrated that funds disbursed by the AIDF on Kuhn's appeal constitute expenses that it incurred. Accordingly, the State's request for recoupment is denied.

Affirmed.

SEINFELD, A.C.J., and ALEXANDER, J., concur.

Review denied 127 Wn.2d 1017 (1995).