[No. 16712-3-II.    Division Two.    November 17, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. STEPHEN SUNICH, *Appellant.*

*Stanford E. Opdyke* of *Department of Assigned Counsel*, for appellant.

*John W. Ladenburg, Prosecuting Attorney*, and *Mark Von Wahlde, Deputy*, for respondent.

HOUGHTON, J. — Stephen Sunich was found not guilty by reason of insanity of two counts of second degree assault. The trial court ordered him committed to Western State Hospital for up to 10 years. Sunich moved to vacate his commitment, arguing that the trial court's jurisdiction should be limited to the high end of the standard range sentence applicable for second degree assault. The trial court denied his motion to vacate, and he appeals. We affirm.

## FACTS

On November 9, 1987, Stephen Sunich attempted to immolate two women at a bus stop in rural Pierce County. He splashed a flammable substance on them and threatened or attempted to set them afire. He was charged with two counts of second degree assault, a class B felony. Former RCW 9A.36.020(1)(c), (2). Each count carries a maximum statutory sentence of 10 years. RCW 9A.20.021(1)(b).

On March 24, 1988, the trial court found Sunich not guilty by reason of insanity pursuant to RCW 9A.12.010. The same day, the trial court ordered Sunich committed to Western State Hospital pursuant to RCW 10.77.120. The Order of Commitment notes "[j]urisdiction of ten years".

Sunich did not appeal the March 1988 Judgment and Order. On December 9, 1992, however, he brought a motion to vacate before a different judge, arguing his commitment period was in excess of the original trial court's jurisdiction. The motion was denied. Sunich appeals.[1]

---

[1] The parties do not address the procedural posture of this case. The State argued before the trial court that this issue should have been raised via a personal restraint petition. *See* RAP 16.3 through RAP 16.15. Because the State

ANALYSIS

The term of Sunich's committal is governed by RCW 10.77.020(3), which provides that:

> Whenever any person has been . . . ordered to undergo alternative treatment following his acquittal of a crime charged by reason of insanity, such commitment or treatment cannot exceed the maximum possible penal sentence for any offense charged for which the person was acquitted by reason of insanity. If at the end of that period the person has not been finally discharged and is still in need of commitment or treatment, civil commitment proceedings may be instituted . . ..

Sunich contends the trial court's jurisdiction over him should be limited to the maximum standard range sentence applicable under the Sentencing Reform Act of 1981 (SRA), because the maximum period of commitment under RCW 10.77.020(3) should coincide with the maximum standard range sentence the trial court could have imposed for his offense had he been convicted. Although RCW 10.77.020(3) says the length of the commitment period is limited to the "maximum possible penal sentence *for any offense charged*" (italics ours), Sunich argues such a sentence necessarily would have been determined according to the SRA *upon conviction*, so the high end of the standard range presumptively represents the maximum possible sentence. Moreover, because RCW 9.94A.120 allows a sentence above the standard range only in exceptional circumstances, and because his mental incapacity is a mitigating factor under RCW 9.94A.390(1)(e), Sunich argues the trial court could not have imposed a sentence above the standard range.

This court reviews a trial court's determination of the meaning of a statute de novo, with the primary purpose of giving effect to the intent of the Legislature. *State v. Kuhn*, 74 Wn. App. 787, 790, 875 P.2d 1225 (1994). To this end, no language in the statute may be rendered meaningless. *Oestreich v. Department of Labor & Indus.*, 64 Wn. App. 165, 169, 822 P.2d 1264 (1992).

---

fails to raise the issue herein, we will assume without deciding that this case is properly before this court as an appeal.

■ Here, Sunich misreads the statute. It does not say the maximum possible sentence upon conviction, but rather "for any offense charged". The statute thus directs us to the maximum possible sentence at charging, not upon conviction. In this case, the maximum possible sentence authorized for the offense charged, second degree assault, is 10 years. The reading urged by Sunich would render the "for any offense charged" language meaningless. On the contrary, the SRA, which applies only upon conviction, simply does not come into play under the statute.

Sunich further argues that the term maximum possible sentence is ambiguous. He asserts that the term could refer to the maximum sentence for a class B felony, the maximum enhanced penalty consistent with the SRA, or the maximum SRA standard range sentence.

Sunich's argument is unpersuasive, because the term maximum possible sentence is not ambiguous in context. While a statute is ambiguous if it is subject to two or more reasonable interpretations, a statute is not ambiguous merely because arguments regarding distinct interpretations of it are conceivable. *See In re Riley*, 122 Wn.2d 772, 787, 863 P.2d 554 (1993); *Armstrong v. Safeco Ins. Co.*, 111 Wn.2d 784, 790-91, 765 P. 2d 276 (1988). Moreover, unambiguous statutory language is not subject to interpretation. *Cascade Sewer Dist. v. King Cy.*, 56 Wn. App. 446, 448, 783 P.2d 1113 (1989). Rather, the meaning of an unambiguous statute is derived from the subject matter and context of the statutory language alone. *Kuhn*, 74 Wn. App. at 790; *In re Pepperling*, 65 Wn. App. 17, 21, 827 P.2d 347 (1992).

The term maximum possible sentence is undefined in the statute. Under these circumstances, we turn to the term's ordinary dictionary meaning. *Pepperling*, at 21. Maximum means the "greatest quantity . . . attainable in a given case". *Webster's Third New International Dictionary* 1396 (1981). Possible means "falling within the bounds of what may be done". *Webster's*, at 1771. In this case, "maximum possible penal sentence for any offense charged" therefore means the longest sentence authorized by law for second degree assault

at the time of charging. The trial court correctly concluded that sentence was 10 years.

This reading of the statute is consistent with the rule that an undefined term should be given its plain and ordinary meaning, absent evidence of a contrary legislative intent. *Cowiche Canyon Conserv. v. Bosley*, 118 Wn.2d 801, 813, 828 P.2d 549 (1992). Sunich cites no contrary legislative intent.[2] Sunich's argument therefore fails.

Affirmed.

MORGAN, C.J., and ALEXANDER, J., concur.

---

[2]Sunich cites to the American Bar Association's *Criminal Justice Mental Health Standards*, Standard 7-7.7, at 433-36 (1989), urging that persons not guilty by reason of insanity not be committed longer than would be possible if they had been convicted. These standards are not evidence of legislative intent. Moreover, a careful reading of these standards reveals they are not inconsistent with this opinion.