[Nos. 18788-4-II; 18789-2-II.   Division Two.   October 18, 1996.]

THE STATE OF WASHINGTON, *Petitioner*, v. BEVERLY J. HAHN, *Respondent*.
THE STATE OF WASHINGTON, *Petitioner*, v. TERIK C. SMITH, *Respondent*.

---

*James J. Stonier, Prosecuting Attorney,* and *Christopher T. Mahre, Deputy,* for petitioner.

*John A. Hays,* for respondent Hahn (appointed counsel for appeal).

*Terik C. Smith,* pro se.

HOUGHTON, J. — Beverly Hahn and Terik Smith were charged on separate occasions with driving while intoxicated (DWI). Both were granted deferred prosecutions.[1] Following their second DWI arrests, they withdrew their

---

[1]RCW 10.05.010 provides in part:

"In a court of limited jurisdiction a person charged with a misdemeanor or gross misdemeanor may petition the court to be considered for a deferred prosecution program. . . .

". . . .

"A person charged with a traffic infraction, misdemeanor, or gross misdemeanor under Title 46 RCW shall not be eligible for a deferred prosecution program unless the court makes specific findings pursuant to RCW 10.05.020."

deferred prosecution petitions and pleaded guilty to the first DWI charges. The district court then granted their petitions for deferred prosecution on their second DWI charges and the State appealed. The superior court concluded that because Hahn and Smith voluntarily withdrew from the deferred prosecution program, RCW 10.05.010 did not preclude eligibility for deferred prosecution on the subsequent charges. We granted discretionary review and the cases were consolidated for purposes of appeal. We reverse and remand for further proceedings.

## FACTS

Smith was arrested on December 13, 1991, in Longview for DWI, RCW 46.61.502. Smith petitioned for and received deferred prosecution for the DWI charge on March 6, 1992, in Longview Municipal Court. On October 10, 1992, Smith was cited for DWI in Cowlitz County. Smith withdrew from the deferred prosecution program on February 17, 1993, and was found guilty of the December 1991 charge. On May 7, 1993, Smith requested deferred prosecution on the second DWI charge. The Cowlitz County District Court entered an order for deferred prosecution on May 14, 1993.

Hahn was charged with DWI in Longview Municipal Court on December 18, 1991. Her petition for a deferred prosecution was granted by the Longview Municipal Court on March 27, 1992. On December 13, 1992, Hahn was cited for DWI in Cowlitz County District Court. She "removed herself" from the deferred prosecution program on May 21, 1993, and was found guilty and sentenced on the first charge.[2] On November 19, 1993, the district court granted Hahn's petition for deferred prosecution on the second DWI charge.

The district court in both cases found that there had been no previous deferred prosecution programs within

---

[2]Hahn's evaluation for deferred prosecution states that she was in a treatment program under the deferred prosecution program for the 1991 DWI charge but was "discharged from there for non-compliance."

the past five years. The district court ordered Smith and Hahn to abstain from alcohol and nonprescription mind-altering drugs for two years and to fulfill the conditions of their respective treatment plans.[3] The court further ordered that upon notice of a conviction of a similar offense during the two-year period, it would remove the case from the deferred prosecution file and enter judgment pursuant to RCW 10.050.020.

The State appealed both cases to the superior court, arguing that Smith and Hahn had previously petitioned for and were granted deferred prosecutions on earlier DWI charges within the last five years. Both cases were joined for purposes of appeal.

In its oral ruling, the superior court distinguished between termination due to noncompliance with the program and voluntary withdrawal from the program:

> There are two ways that it can be, by statute, terminated by the Prosecution. One is if you don't comply with the treatment, and one is if you are convicted of another offense. . . .
>
> . . . .
>
> [T]here's nothing in the law that says you cannot voluntarily withdraw your petition for a deferred prosecution of any kind; and if you do, it's a nullity. It's destroyed the deferred prosecution.
>
> Now, if the State would have moved to dismiss based upon not following through with the treatment program or because of another conviction . . . that would have been a complete deferred prosecution program because it went through to its statutory conclusion.
>
> It may be a loophole; but as far as I'm concerned, they can voluntarily withdraw; and once they do, they didn't receive any benefit from it whatsoever. So they're entitled to request to the judge, and he should exercise discretion.

---

[3]RCW 10.05.150 provides that a deferred prosecution program for alcoholism shall be for a two-year period and shall impose several restrictions including total abstinence from alcohol and participation in a treatment program. The municipal court order deferring prosecution for Smith's first charge contains the same orders. The municipal court order deferring prosecution on Hahn's first charge is not in the record.

In a later written order, the superior court denied both appeals and affirmed the district court's orders deferring prosecution. The superior court found that a defendant could be removed from the deferred prosecution program if he or she does not comply with the treatment program or is convicted of a new offense. It also found that if a defendant withdraws a deferred prosecution petition and a finding of guilt is entered, the "State is placed in exactly the same position it would have been in had the defendant not entered into a deferred prosecution program. The defendant received no benefit from the deferred prosecution."

The court further found that if a defendant withdraws and a finding of guilt is entered, the defendant is eligible to petition for a deferred prosecution of the subsequent offense, and that the court has discretion whether or not to grant the petition. The court concluded that "RCW 10.05 does not preclude a defendant charged with Driving While Intoxicated from being placed on more than one deferred prosecution program in a five year period if the person had withdrawn the previous deferred prosecution petition(s)."

## ANALYSIS

The State contends that according to principles of statutory construction, RCW 10.05 limits eligibility for a deferred prosecution to one time in a five-year period. It also asserts that the superior court's decision is contrary to the Legislature's intent. It further asserts that because the statute makes no provision for a voluntary withdrawal from a deferred prosecution program, a voluntary removal from the program should not be treated any differently from termination from the program due to noncompliance or a subsequent conviction.

RCW 10.05.010 sets forth the eligibility requirements for a deferred prosecution:

In a court of limited jurisdiction a person charged with a

misdemeanor or gross misdemeanor may petition the court to be considered for a deferred prosecution program.

. . . .

A person charged with a traffic infraction, misdemeanor, or gross misdemeanor under Title 46 RCW shall not be eligible for a deferred prosecution program unless the court makes specific findings pursuant to RCW 10.05.020. Such person shall not be eligible for a deferred prosecution program more than once in any five-year period.

An appellate court reviews issues regarding statutory construction de novo. *State v. Kuhn*, 74 Wn. App. 787, 790, 875 P.2d 1225 (1994), *review denied*, 127 Wn.2d 1017 (1995). The court's duty is to ascertain and give effect to the intent and purpose of the Legislature. *State v. Williams*, 62 Wn. App. 336, 338, 813 P.2d 1293, *review denied*, 117 Wn.2d 1027 (1991). In doing so, the court should avoid unlikely, absurd, or strained results. *State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987).

Here, the superior court determined that a defendant who has been granted a previous deferred prosecution is eligible for a deferred prosecution on a later charge in any five-year period if the defendant has not completed a treatment program. The superior court reasoned that voluntary withdrawal nullifies the original order as if the defendant never sought deferred prosecution. Thus, the issue becomes whether RCW 10.05.010 limits an individual to one opportunity for a deferred prosecution in a five-year period.

Hahn and Smith argue that under the rule of lenity, the superior court's interpretation should apply. Although a statute is ambiguous if it is susceptible to two or more reasonable interpretations, a statute is not ambiguous merely because different interpretations are conceivable. *State v. Sunich*, 76 Wn. App. 202, 206, 884 P.2d 1 (1994). Hahn and Smith fail to show why the language of RCW 10.05.010 is ambiguous. Without a threshold showing of ambiguity, the court derives a statute's meaning

from its language alone. *Geschwind v. Flanagan*, 121 Wn.2d 833, 840, 854 P.2d 1061 (1993). Where the statute is clear, courts may not engage in statutory construction or consider the rule of lenity. *State v. Bolar*, 129 Wn.2d 361, 366, 917 P.2d 125 (1996).

Undefined statutory terms are given their usual and ordinary meaning and courts may not read into a statute a meaning that is not there. *Nationwide Ins. v. Williams*, 71 Wn. App. 336, 342, 858 P.2d 516 (1993), *review denied*, 123 Wn.2d 1022 (1994). When a term is not defined in the statute, courts may look to the ordinary dictionary meaning. *Sunich*, 76 Wn. App. at 206. "Program" is defined as "a plan of procedure; a schedule or system under which action may be taken toward a desired goal." WEBSTER'S THIRD NEW INTERN'L DICTIONARY 1812 (1969). Applying this definition, "deferred prosecution program" as used in RCW 10.05. would mean the petition for deferred prosecution, the order granting deferred prosecution, and the approved treatment plan.

RCW 10.05.010 clearly states that a "person shall not be eligible for a deferred prosecution program more than once in any five-year period." If a defendant fails to comply with the conditions of a treatment plan, the court, upon notice and a hearing, must either order the defendant to continue on the treatment plan or remove the defendant from deferred prosecution and enter judgment. RCW 10.05.090. If a defendant is convicted of a similar offense while in a deferred prosecution program, the court *shall* enter judgment pursuant to RCW 10.05.020. RCW 10.05.100. In addition, the prosecutor may appeal an order granting deferred prosecution on grounds that a prior deferred prosecution *has been granted to the defendant within five years*. RCW 10.05.160(1) (emphasis added). If, however, a defendant successfully completes the two-year treatment program, the court must dismiss the pending charges. RCW 10.05.120. The statute does not distinguish between a completed deferred prosecution program and an uncompleted program. It also does not differentiate be-

tween involuntary termination and voluntary termination.

■■ Reading RCW 10.05 as a whole indicates that a defendant has one opportunity to seek a deferred prosecution in any five-year period. The statute gives the court limited discretion in deciding whether to revoke deferred prosecution and makes no provision for declaring failure to comply with treatment a nullity, nor does it provide for future opportunities to petition for deferred prosecution in the event of a failure. Rather, the statute benefits those defendants who successfully complete treatment plans by providing for dismissal of the underlying charge.

Such an interpretation is consistent with the legislative findings following RCW 10.05.010:

> The legislature finds that the deferred prosecution program is an alternative to punishment for persons who will benefit from a treatment program if the treatment program is provided under circumstances that do not unreasonably endanger public safety or the traditional goals of the criminal justice system. *This alternative to punishment is dependent for success upon appropriate treatment and the willingness and ability of the person receiving treatment to cooperate fully with the treatment program.*

LAWS OF 1985, ch. 352, § 3 (emphasis added). The Legislature could have conditioned eligibility for a deferred prosecution under RCW 10.05.010 on not having completed a previous deferred prosecution program in the last five years, but it chose not to. It also could have provided for additional opportunities for deferred prosecution in the event of a voluntary withdrawal from the program, but did not.

Hahn and Smith's argument that a voluntary withdrawal from a deferred prosecution program should be treated differently from an involuntary termination is unpersuasive. The statute is an alternative to punishment for those who are amenable to and will benefit from treatment, and the program's success depends upon appropri-

ate treatment and the defendant's willingness and ability to cooperate with treatment. A voluntary withdrawal suggests that the person is no longer willing or able to cooperate with the treatment plan. Treating a voluntary withdrawal as a nullity, enabling a defendant to seek a deferred prosecution on a later charge during the five-year period, ignores the legislative intent.

The superior court reasoned that a voluntary withdrawal has no effect on eligibility for deferred prosecution because the State is in "exactly the same position that it would have been" had the defendant been found guilty and the defendant does not "receive any benefit" from the statute. But a defendant who is involuntarily removed from the program due to noncompliance or a subsequent conviction also receives no real benefit because judgment must be entered on the first charge and the defendant is charged with the later offense. In addition, treating a voluntary withdrawal as a nullity rewards those who withdraw before the State has an opportunity to initiate removal proceedings by offering the petitioner additional "bites of the apple."

In sum, RCW 10.05.010 unambiguously provides for one opportunity for a deferred prosecution in a five-year period. Therefore, we hold that the trial court's interpretation is contrary to the legislative purpose of the statute. Hahn and Smith simply fail to provide good reasons for treating involuntary termination differently from voluntary withdrawal for purposes of RCW 10.05.010.

The superior court's order is reversed and the matter is remanded with direction to remove Hahn and Smith from the deferred prosecution program.

SEINFELD, C.J., and MORGAN, J., concur.

Review denied at 131 Wn.2d 1020 (1997).