[No. 63861-1-I.  Division One.  October 26, 2009.]

BRADLEY C. HOGGATT ET AL., *Respondents*, v. LUIS A. FLORES, *Petitioner*.

*Ben Shafton*, for petitioner.

*Micheal J. Imboden, Jr.* (of *Crandall O'Neill McReary & Imboden, PS*), for respondents.

¶1 BECKER, J. — When an owner of property subdivides it illegally and sells a parcel, both seller and purchaser have a statutory duty to conform the property to the subdivision laws. The aggrieved purchaser may elect either to rescind or to recover damages, but when the purchaser obstructs the seller's efforts to conform the property by insisting on conditions not required by law, a trial court does not err by entering an injunction in favor of the seller allowing the compliance process to proceed.

¶2 In June 1993, Bradley and Connie Hoggatt acquired a residence on seven acres of land in Cowlitz County. The Hoggatts legally subdivided the property into four lots. They sold three one-acre parcels and retained a four-acre lot with the original residence.

¶3 In April 2004, the Hoggatts again divided their property, but this time they did not do it legally through the subdivision process. They simply caused two distinct tax parcels to be created. One of these, tax parcel WC2001023, was a one-acre lot with the original residence. This they sold to Luis Flores. The other, tax parcel WC2001025, was an undeveloped three-acre parcel they kept for themselves.

¶4 In 2007, the Hoggatts wanted to build a residence on their undeveloped parcel. This parcel had only 20 feet of

road frontage, 5 feet less than necessary under the Cowlitz County Code (CCC). The Hoggatts filed an application requesting a variance. They attached a written narrative suggesting that if they were allowed to build a single family residence, they would promise not to subdivide the parcel further. County officials noticed that the previous division of the property had not been done in compliance with subdivision regulations. The county approved the variance on condition that the Hoggatts would "apply for and receive approval of a Short Subdivision in accordance with the requirements of CCC 18.34 of Parcel WC2001025/WC2001023 prior to submitting an application of a single-family residence on the subject property." The county did not require the Hoggatts to promise they would engage in no further subdivision.

¶5 In an effort to satisfy the condition, the Hoggatts submitted a subdivision application, but they listed only their own three-acre parcel as the property to be subdivided. The county responded with a letter stating that they needed to obtain written approval from all property owners involved with the proposed plat. The Hoggatts asked Flores for his signature. Flores demanded that the Hoggatts pay all his expenses and attorney fees in connection with the matter. He also demanded that they enter a binding covenant not to further subdivide their property for 25 years. The Hoggatts agreed to pay his expenses and fees, but they would not agree to the covenant.

¶6 The Hoggatts filed a complaint in Cowlitz County Superior Court seeking for the court to enjoin Flores "to sign an application for short division of the properties at issue" or alternatively for "an order allowing the filing of a short subdivision application for the properties at issue absent any conditions." Flores counterclaimed, reserving the right to seek relief allowed by RCW 58.17.210.

¶7 The Hoggatts moved for summary judgment. Flores maintained his position that he would not sign and approve the subdivision application unless the Hoggatts agreed to prevent further division for 25 years. He argued that this was

consistent with their representation during the variance proceeding that they were willing to guarantee there would be no further development.

¶8 The trial court entered an injunction requiring the county to accept the subdivision application for review without Flores' signature. Flores obtained an order granting discretionary review, and the legality of the injunction is now before this court.

¶9 The legislature has passed comprehensive legislation requiring legal subdivision of real property before it may be sold, conveyed, or transferred. Ch. 58.17 RCW. The purposes of the chapter include "to promote effective use of land" and "to provide for the expeditious review and approval of proposed subdivisions which conform to zoning standards." RCW 58.17.010. The statute generally prevents the issuance of any building or development permits for land that is divided in violation of state and county subdivision laws:

> No building permit, septic tank permit, or other development permit, shall be issued for any lot, tract, or parcel of land divided in violation of this chapter or local regulations adopted pursuant thereto unless the authority authorized to issue such permit finds that the public interest will not be adversely affected thereby. The prohibition contained in this section shall not apply to an innocent purchaser for value without actual notice. All purchasers' or transferees' property shall comply with provisions of this chapter and each purchaser or transferee may recover his damages from any person, firm, corporation, or agent selling or transferring land in violation of this chapter or local regulations adopted pursuant thereto, including any amount reasonably spent as a result of inability to obtain any development permit and spent to conform to the requirements of this chapter as well as cost of investigation, suit, and reasonable attorneys' fees occasioned thereby. Such purchaser or transferee may as an alternative to conforming his property to these requirements, rescind the sale or transfer and recover costs of investigation, suit, and reasonable attorneys' fees occasioned thereby.

RCW 58.17.210.

¶10 The Cowlitz County short subdivision ordinance requires compliance with its provisions as a precondition for the issuance of development permits:

No person shall sell, lease or transfer any real property which is less than five acres in area without full compliance with this title. All development permits for the improvement of any lot which is less than five acres in area, shall be withheld until the provisions of this title are met, pursuant to Washington State Subdivision Law. Also, the Administrator may revoke county development permits on parcels divided and transferred or leased which do not comply with this title.

CCC 18.34.170(A). Similar to state law, the county code provides that a purchaser or transferee who receives property that has been subdivided illegally may either recover damages from the seller or transferor, or alternatively may rescind the transaction:

A. Except as provided in CCC 18.34.170, all purchasers or transferees of property divided in violation of this chapter shall comply with provisions of this chapter. Each purchaser and transferee may recover his damages from any individual, firm, corporation, or agent selling or transferring land in violation of this chapter. This may include any amount reasonably spent as a result of inability to obtain any development permit and spent to conform to the requirements of this chapter as well as the cost of investigations, suit, and reasonable attorneys' fees occasioned thereby.

B. Such purchaser or transferee may, as an alternative to conforming to these requirements, rescind the sale or transfer and recover the costs of investigation, suit, and reasonable attorneys' fees occasioned thereby.

CCC 18.34.180.

¶11 To subdivide a tract of land properly, an owner must submit a preliminary application for short subdivision. The preliminary short subdivision application must contain among other things the signature of the owner or owners. CCC 18.34.060(B)(7). Consistent with this language, the county required Flores' signature on the Hoggatts' subdivision application because Flores is an owner of the property

to be subdivided. By refusing to sign, Flores rendered the Hoggatts unable to obtain any development or building permits on their three-acre parcel. Flores' insistence that he would not sign unless the Hoggatts promised to limit future development of their property led to the issuance of the injunction that is the subject of this appeal.

¶12 Ordinarily, a trial court's decision to grant an injunction and its decision regarding the terms of the injunction are reviewed for an abuse of discretion. *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000). But here, because the injunction is being reviewed as an appeal from an order granting it in summary judgment and its validity involves only questions of law, our review is de novo. *Mains Farm Homeowners Ass'n v. Worthington*, 121 Wn.2d 810, 813, 854 P.2d 1072 (1993).

¶13 A party seeking an injunction must show " '(1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him.' " *Tyler Pipe Indus., Inc., v. Dep't of Revenue*, 96 Wn.2d 785, 792, 638 P.2d 1213 (1982) (quoting *Port of Seattle v. Int'l Longshoremen's & Warehousemen's Union*, 52 Wn.2d 317, 324 P.2d 1099 (1958)).

> It is necessary, however, to clarify that since injunctions are addressed to the equitable powers of the court, the listed criteria must be examined in light of equity including balancing the relative interests of the parties and, if appropriate, the interests of the public.

*Tyler Pipe*, 96 Wn.2d at 792. Here, only the first element is contested. Flores contends the Hoggatts, after creating an illegal subdivision, have no clear or equitable right to correct the problem or to subdivide their property further.

¶14 Flores argues that while the law provides a legal remedy to an aggrieved purchaser of illegally subdivided land, it provides no legal right or remedy to a guilty seller. In his view, the Hoggatts' failure to go through a legal

subdivision before selling to him means that they have lost the right to further divide their remaining property, except on whatever terms he might propose as a condition for obtaining his signature on the application. We reject this argument. RCW 58.17.210 does not prevent a seller from bringing an illegal subdivision into compliance with subdivision laws.

¶15 Indeed, it is the express purpose of the subdivision chapter to promote the effective use of land and provide for expeditious approval of subdivisions that conform to zoning standards. To these ends, RCW 58.17.210 requires that property belonging to a purchaser of illegally subdivided land "shall comply with provisions of this chapter." The statute provides to the aggrieved purchaser a choice of remedies against the seller, but nothing in the statute eliminates the right of the seller to pursue further subdivision. The Hoggatts, no less than Flores, have a clear right to bring their property into compliance with the Cowlitz County subdivision ordinance and then to divide it in conformity with zoning standards. We conclude the Hoggatts established the elements necessary to support the injunction.

¶16 Flores argues, however, that the trial court lacked authority to direct the county to accept the application without his signature. He contends the court was improperly ignoring the county signature requirement and was substituting its own view about how subdivision applications should be processed, in violation of the doctrine of separation of powers.

¶17 The superior court is a court of general equity jurisdiction and has the power to "grant and enforce its decrees in such manner as the justice of the particular case requires." *State ex rel. Burrows v. Superior Court*, 43 Wash. 225, 228, 86 P. 632 (1906). Flores is correct that the court does not have a free hand to administer its own notions of justice when they contradict statutes and ordinances duly enacted by the legislative branch. But separation of powers concerns do not arise in this

case because the court's decision gave effect to the state subdivision statute, RCW 58.17.210. The injunction allows the property to be brought into compliance with subdivision regulations over the objection of an intransigent property owner who has failed to recognize his own legal obligation to comply with those regulations. And in entering the injunction, the court appropriately balanced the equities. The Hoggatts are attempting to do now what they should have done in the first place, the county does not object, and there is no harm to Flores. In fact, if the Hoggatts are able to legitimize their previous subdivision, the result will be that Flores' parcel as well as their own will be fully compliant with state and county subdivision requirements. This is to the benefit of both parties, and Flores still has his choice of the statutory remedies under RCW 58.17.210 against the Hoggatts for putting him in his present untenable position as the purchaser of an illegally created parcel of land.

¶18 Flores cites no principle of law that allows him to demand that the Hoggatts surrender valuable rights in their property in exchange for his signature on the subdivision application. Flores is under the same duty as the Hoggatts to bring his property into compliance with the law. Under the statute he may demand that the Hoggatts rescind their transaction with him or else pay damages: "any amount reasonably spent as a result of inability to obtain any development permit and spent to conform to the requirements of this chapter as well as cost of investigation, suit, and reasonable attorneys' fees occasioned thereby." RCW 58.17.210. He may not, however, demand that the Hoggatts agree to restrict further development of their land. Allowing Flores to hold up corrective action on the subdivision until his personal demands have been met would be a violation of RCW 58.17.210, and the trial court correctly invoked its equitable powers to prevent Flores from doing so.

¶19 Flores has requested an award of attorney fees for dissolving a wrongful injunction. Because he has not pre-

vailed in proving the injunction wrongful, we do not reach this request.

¶20 The injunction is affirmed. The matter is remanded to superior court for further proceedings not inconsistent with this opinion.

GROSSE and AGID, JJ., concur.