FILED
COURT OF APPEALS
DIVISION II

2015 FEB -3 AM 8: 49

STATE OF WASHINGTON

BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BRADLEY C. HOGGATT and CONNIE J. HOGGATT, husband and wife, and their marital community, | No. 45589-7-II |
| Respondents, | |
| v. | |
| LUIS FLORES, a married man as his separate capacity, | PUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Luis Flores appeals a superior court order granting summary judgment in favor of Bradley and Connie Hoggatt. Flores argues that he is entitled to rescission under RCW 58.17.210, a statutory provision that permits an innocent purchaser of illegally subdivided property to seek either rescission or damages. Flores argues that the initial statutory violation (the sale or transfer of noncompliant property) triggered an absolute right to rescission in the purchaser's favor even after the property is brought into compliance with statutory subdivision requirements. We hold that because Flores failed to unequivocally seek rescission before the Hoggatts brought the property into compliance, Flores is no longer entitled to rescission. We affirm.

FACTS

I. BACKGROUND

In June 1993, the Hoggatts acquired a residence on seven acres of land in Cowlitz County. The Hoggatts legally subdivided the property into four lots. They sold three one-acre parcels and retained a four-acre lot with the original residence.[1]

In April 2004, the Hoggatts again divided their property, but this time they did not do it legally through the subdivision process. They simply caused two distinct tax parcels to be created. One of these, tax parcel WC2001023, was a one-acre lot with the original residence. This they sold to Flores. The other, tax parcel WC2001025, was an undeveloped three-acre parcel they kept for themselves.

In 2007, the Hoggatts wanted to build a residence on their undeveloped parcel. This parcel had only 20 feet of road frontage, 5 feet less than necessary under the Cowlitz County Code. In February, the Hoggatts filed an application requesting a variance. They attached a written narrative suggesting that if they were allowed to build a single-family residence, they would promise not to subdivide the parcel further. County officials noticed that the Hoggatts had not divided their property in compliance with subdivision regulations. The county approved the variance on condition that the Hoggatts would "apply for and receive approval of a Short Subdivision in accordance with the requirements of CCC 18.34 of Parcel WC2001025 / WC2001023 prior to

---

[1] These background facts are as set forth by Division One of this court in *Hoggatt v. Flores*, 152 Wn. App. 862, 218 P.3d 244 (2009).

submitting an application of a single-family residence on the subject property."[2] Clerk's Papers (CP) at 817. The county did not require the Hoggatts to promise they would engage in no further subdivision.

In an effort to satisfy the condition, the Hoggatts submitted a subdivision application, but they listed only their own three-acre parcel as the property to be subdivided. In October, the county responded, stating that the Hoggatts needed to obtain written approval from all property owners involved with the proposed plat. The Hoggatts asked Flores for his signature. Flores demanded that the Hoggatts pay all his expenses and attorney fees in connection with the matter. He also demanded that they enter a binding covenant not to further subdivide their property for 25 years. The Hoggatts agreed to pay his expenses and fees, but they would not agree to the covenant.

In May 2008, the Hoggatts filed a complaint in Cowlitz County Superior Court seeking to enjoin Flores "to sign an application for short division of the properties at issue" or, alternatively, for "an order allowing the filing of a short subdivision application for the properties at issue absent any conditions." CP at 868. Flores counterclaimed, reserving the right to seek all relief allowed by RCW 58.17.210.

The Hoggatts moved for summary judgment. During the summary judgment hearing, the superior court requested that Flores specify the relief he sought. Flores responded as follows:

---

[2] The applicable Cowlitz County Code provision is CCC 18.34.170(A), which provides,
> No person shall sell, lease or transfer any real property which is less than five acres in area without full compliance with this title. All development permits for the improvement of any lot which is less than five acres in area, shall be withheld until the provisions of this title are met, pursuant to Washington State Subdivision Law. Also, the Administrator may revoke county development permits on parcels divided and transferred or leased which do not comply with this title.

3

> At this point, Mr. Flores continues to hope that Mr. and Mrs. Hoggatt will see fit to honor their promise to Cowlitz County and limit the short plat to two lots. If they do not, and if he cannot force them to, he is leaning toward the remedy of rescission. His doing so, of course, hinges on the court's willingness to follow the rules set out in *Busch v. Nervik, supra*.[3] His investigation is ongoing, however, and his point of view may change.

CP at 923.

The trial court entered an injunction requiring the county to accept the subdivision application for review without Flores's signature. Flores obtained an order granting discretionary review, which placed the legality of the injunction before Division One of this court.

In October 2009, Division One of this court affirmed the trial court's issuance of the injunction allowing the Hoggatts to proceed unilaterally. The court concluded that the Hoggatts had established each of the necessary elements to support the injunction.[4] *Hoggatt v. Flores*, 152 Wn. App. 862, 869, 218 P.3d 244 (2009). In so holding, the court determined that nothing in RCW 58.17.210 prevents a seller from bringing an illegal subdivision into compliance with subdivision laws. *Hoggatt*, 152 Wn. App. at 869. The court acknowledged that the Hoggatts, no less than Flores, had a duty to conform the property to the applicable code provisions. *Hoggatt*, 152 Wn. App. at 864, 869. The court also recognized that the Hoggatts were merely trying to do what they should have done in the first place and that, in fact, there was no harm to Flores because his own parcel would be fully compliant if the Hoggatts were able to legitimize their previously inadequate

---

[3] *Busch v. Nervik*, 38 Wn. App. 541, 687 P.2d 872 (1984).

[4] Flores does not claim, and the record does not show, that Flores made any attempt to stay the trial court's ruling pending appeal. This allowed the Hoggatts to remedy the improper subdivision and thereby achieve compliance in April 2009. RAP 7.2(c).

subdivision. *Hoggatt*, 152 Wn. App. at 870. In this way, the trial court's ruling was mutually beneficial to each party.

## II. PROCEDURE

While Flores's appeal was pending, the Hoggatts, consistent with the superior court's ruling, corrected the erroneous 2004 subdivision. Cowlitz County processed and approved a proper short plat in April 2009, rendering both the Hoggatts' and Flores's property compliant. Division One issued its ruling and remanded the case to Cowlitz County Superior Court for further proceedings.

In March 2012, Flores moved for partial summary judgment asking the superior court to find that RCW 58.17.210 grants an aggrieved purchaser the "absolute right" to rescind the sale. The superior court declined to make such a ruling. In its order denying Flores's motion for reconsideration, the superior court explained that RCW 58.17.210 does not confer an absolute right of rescission because the statute clearly presents both damages and rescission as alternative remedies. The court noted that the question remained as to whether a purchaser may demand rescission if the property had been made compliant by the seller as opposed to the purchaser.

Subsequently, Flores obtained an order granting a venue change from Cowlitz County to Clark County. There, in November 2013, the superior court granted summary judgment in the Hoggatts' favor, ruling that Flores had no right to seek rescission under the statute. Flores appeals.

## ANALYSIS

### I. STANDARD OF REVIEW

We review summary judgment orders de novo, viewing the facts in the light most favorable to the nonmoving party. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109

P.3d 805 (2005). Trial courts properly grant summary judgment where the pleadings and affidavits show no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

## II. RESCISSION NOT AVAILABLE

Flores contends that he is entitled to rescission under RCW 58.17.210 because a statutory violation "triggers" the right to exercise rescission, and nothing in the statute precludes a purchaser's exercise of that right after the fact. We hold that Flores's argument fails because the Hoggatts brought the property into compliance before Flores unequivocally sought rescission. Accordingly, Flores was not entitled to rescission as a matter of law because the statute's plain language established that rescission is only available to a purchaser as a remedy for noncompliance.

Endeavoring to achieve consistency between property subdivisions and zoning standards, and "to promote effective use of land," Washington State has enacted a comprehensive statutory framework that requires conformity with subdivision laws before real property may be sold, conveyed, or transferred. Ch. 58.17 RCW. RCW 58.17.210 proscribes a county from issuing certain permits for increased development on land that is divided contrary to state and county subdivision laws. It provides,

> No building permit, septic tank permit, or other development permit, shall be issued for any lot, tract, or parcel of land divided in violation of this chapter or local regulations adopted pursuant thereto unless the authority authorized to issue such permit finds that the public interest will not be adversely affected thereby. The prohibition contained in this section shall not apply to an innocent purchaser for value without actual notice. All purchasers' or transferees' property shall comply with provisions of this chapter and each purchaser or transferee may recover his or her damages from any person, firm, corporation, or agent selling or transferring land in violation of this chapter or local regulations adopted pursuant thereto, including any amount reasonably spent as a result of inability to obtain any

6

development permit and spent to conform to the requirements of this chapter as well as cost of investigation, suit, and reasonable attorneys' fees occasioned thereby. *Such purchaser or transferee may as an alternative to conforming his or her property to these requirements, rescind the sale or transfer and recover costs of investigation, suit, and reasonable attorneys' fees occasioned thereby.*

RCW 58.17.210 (emphasis added).

No Washington court has addressed whether the rescission remedy remains available to an innocent purchaser when noncomplying property is sold but where the seller brings that property into compliance before the innocent purchaser unequivocally invokes the right to rescind. In support of his position, Flores relies on *Newport Yacht Basin Ass'n of Condominium Owners v. Supreme Northwest, Inc.*, 168 Wn. App. 56, 277 P.3d 18 (2012). But there, the court concluded only that the statutory scheme "clearly contemplates that illegally subdivided land may be bought and sold," and that such transfers could not be voided by a third party lest the statutory scheme would be undermined. *Newport Yacht*, 168 Wn. App. at 74. That case does not purport to address the issue presented here; that is, which statutory remedies are available to the purchaser of illegally subdivided property that was subsequently brought into compliance by the seller who created the illegal subdivision?

Similarly, Flores cites *Hoggatt*, where the court stated that "[t]he aggrieved purchaser may elect either to rescind or to recover damages." 152 Wn. App. at 864. That court also noted that "Flores still ha[d] his choice of the statutory remedies under RCW 58.17.210 against the Hoggatts for putting him in his present untenable position as the purchaser of an illegally created parcel of land." *Hoggatt*, 152 Wn. App. at 870. But the Hoggatts' subdivision application was approved while the first appeal was pending and, thus, the fact that the property was brought into compliance was not before the *Hoggatt* court at the time it issued its decision. And there is little doubt that its

statement regarding Flores's choice of remedies was accurate on the information before it. Accordingly, because the question has not been answered directly, statutory interpretation principles govern the outcome here.

The meaning of a statute is a question of law reviewed de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The goal of the inquiry is to ascertain and carry out the legislature's intent. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). When interpreting a statute, we first look to its plain language, and if the plain language is subject to only one interpretation, our inquiry ends because plain language does not require construction. *Estate of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 498, 210 P.3d 308 (2009). A statute is ambiguous if "'susceptible to two or more reasonable interpretations,'" but "'a statute is not ambiguous merely because different interpretations are conceivable.'" *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 452, 210 P.3d 297 (2009) (quoting *State v. Hahn*, 83 Wn. App. 825, 831, 924 P.2d 392 (1996), *review denied*, 131 Wn.2d 1020 (1997)).

Here, RCW 58.17.210's plain language is not ambiguous because it is subject to only one reasonable interpretation. The statute does two things: First, it declines to subject an innocent purchaser of illegally subdivided property to the same development prohibitions that it does to someone who creates an illegal subdivision. Second, it provides an innocent purchaser of noncompliant property the option of either (1) recovering from the offending seller any damages incurred in achieving compliance, or, (2) *as an alternative to conforming* the *property* to the applicable subdivision requirements, rescind the sale or transfer and recover certain costs.

Notwithstanding the fact that Flores was initially entitled to rescind the transaction, he opted instead to condition his cooperation with the compliance process on the Hoggatts' agreement

that they would not further subdivide their land, a guarantee that the Hoggatts were not legally required to make. *Hoggatt*, 152 Wn. App. at 865. Because of Flores's intransigence, the superior court properly enjoined Flores from continuing to obstruct the Hoggatts' attempt to achieve compliance. *Hoggatt*, 152 Wn. App. at 870. This ruling allowed the Hoggatts to complete the process necessary to legitimize their previously improper subdivision and therefore bring both their own property, as well as the parcel sold to Flores, into compliance. Accordingly, under RCW 58.17.210, Flores no longer had the right to rescind the sale.

If we were to read the statute to impose an absolute rescission right, as Flores urges, we would contravene long-recognized statutory interpretation principles. This is true because "'[e]ach word of a statute is to be accorded meaning.'" *HomeStreet*, 166 Wn.2d at 452 (quoting *State ex rel. Schillberg v. Barnett*, 79 Wn.2d 578, 584, 488 P.2d 255 (1971)). And whenever possible, statutes are to be construed so "'no clause, sentence, or word shall be superfluous, void, or insignificant.'" *HomeStreet*, 166 Wn.2d at 452 (internal quotation marks omitted) (quoting *Kasper v. City of Edmonds*, 69 Wn.2d 799, 804, 420 P.2d 346 (1966)).

Flores's statutory interpretation ignores and renders meaningless the "*as an alternative to conforming* [the] *property*" language. Flores never addresses the critical "as an alternative" language. Furthermore, a court "'is required to assume the Legislature meant exactly what it said and apply the statute as written.'" *HomeStreet*, 166 Wn.2d at 452 (quoting *Duke v. Boyd*, 133 Wn.2d 80, 87, 942 P.2d 351 (1997)). When read to give effect to all words, clauses, and sentences, RCW 58.17.210 provides an innocent purchaser with the choice of remedies, but only does so to the extent that the property is noncompliant. We hold that because the Hoggatts brought the

9

No. 45589-7-II

property into compliance before Flores unequivocally sought rescission, Flores is no longer entitled to rescission by the statute's plain terms.

We affirm.

JOHANSON, C.J.

We concur:

MAXA, J.

SUTTON, J.