IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>      Respondent,<br><br>   v.<br><br>STEVEN RICHARD WELL,<br><br>      Appellant. | No. 86404-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — On an agreed change of plea, a court acquitted Steven Richard Well by reason of insanity of a murder committed in 2010 and committed him to Western State Hospital (Western State). He now asks this court to reverse the judgment of acquittal and order of commitment and to remand this matter to the trial court so he may withdraw his plea. He argues the plea was not made voluntarily and wrongly accepted because the court misinformed him that the statutory maximum penalty was the "maximal possible penal sentence" under former RCW 10.77.025(1) (2010) and imposed the same. Disagreeing that either was error, we affirm.

I.   BACKGROUND

In August 2010, the State charged Well with murder in the second degree with a deadly weapon enhancement for causing the death of his landlord, Judith Garcia, by stabbing her multiple times with a knife. Well moved the court, with the State's agreement, for acquittal on the grounds of insanity pursuant to RCW 10.77.080.[1] In his statement on plea of guilty, Well stated he understood that the "maximum penal sentence for the crime of Murder in the Second Degree is LIFE in prison" and that "the court may order me hospitalized for a period of up to the maximum possible penal sentence, which is life."

At a December 2010 hearing, Well's counsel affirmed that Well intended to pursue a plea of not guilty by reason of insanity and that he understood that by doing so, "he is giving up substantial rights," including that "even a determinate sentence as charged may be shorter than what he is facing at Western State Hospital. Knowing all of those things, that is how he is preferring to go forward today."

The court accepted the agreed recommendation of the parties, based upon the evidence in the record, including a recent forensic mental health evaluation. The evaluation noted that Well had a long and documented history of being diagnosed with the major mental illness of chronic paranoid schizophrenia.

Before issuing its order, the court engaged in a colloquy with Well to confirm he understood his rights and the legal ramifications he would be accepting "by

---

[1] The legislature has revised or recodified portions of chapter 10.77 RCW several times since 2010. See, e.g., LAWS OF 2025, ch. 358, § 2, effective July 27, 2025. But the relevant statutory language has been unchanged throughout this time period. Because Well continues to cite to the statute in effect at the time of his motion for acquittal, we do the same, for clarity and consistency.

moving for a judgment of acquittal on grounds of insanity[.]" Well affirmed that he understood, should the court acquit him in this way, that it "may order [he] be hospitalized for the rest of [his] life[.]" Thereafter, the court issued an order committing Well to Western State, finding he presented a "substantial likelihood of committing criminal acts jeopardizing public safety or security unless kept under further control by the Court or other persons or institutions" and concluding treatment less restrictive than detention in a mental hospital was not in Well's or others' best interests.

The order committed Well "for a period of up to the maximum possible sentence for the crime upon which the Defendant has been acquitted, pursuant to RCW 10.77.110(1) and 10.77.025(1)[–] [t]he maximum sentence for Murder in the Second Degree is LIFE in prison."

Still at Western State, Well timely appeals the judgment of acquittal and commitment order in March 2024.

## II.   ANALYSIS

The principal question in this appeal is the meaning of the term "the maximum possible penal sentence" in RCW 10.77.025(1).

The State asserts that the term refers to the maximum sentence for the type of offense a defendant was charged with. Well contends the term refers to the top of the applicable standard range under the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, given that defendant's criminal history. Well claims that he did not change his plea knowingly, intelligently, and voluntarily because the court wrongly agreed with and advised him of the State's interpretation. He also claims

that the court erred by imposing a term of commitment based on that understanding. We agree with the State.

It is true that "as a matter of constitutional due process . . . a guilty plea may stand only if the record in some manner indicates an intelligent and voluntary waiver" of a person's "rights." Wood v. Morris, 87 Wn.2d 501, 506, 554 P.2d 1032 (1976). Similarly, due process requires that a person who moves for a judgment of acquittal by reason of insanity do so voluntarily and understand its consequences. State v. Brasel, 28 Wn. App. 303, 312, 623 P.2d 696 (1981). This is so because, in making such a motion, a defendant "subjects himself to the possibility of commitment . . . for as long as the maximum penal sentence for the offense charged." Id. at 312.

Indeed, RCW 10.77.025(1) states:

Whenever any person has been: (a) Committed to a correctional facility or inpatient treatment under any provision of this chapter; or (b) ordered to undergo alternative treatment following his or her acquittal by reason of insanity of a crime charged, such commitment or treatment cannot exceed *the maximum possible penal sentence* for *any* offense charged for which the person was committed, or was acquitted by reason of insanity.

(Emphasis added.)

Over 30 years ago, in State v. Sunich, this court examined the meaning of the language at issue here. 76 Wn. App. 202, 205, 884 P.2d 1 (1994) (addressing former RCW 10.77.020, which also provided, in relevant part, ". . . such commitment or treatment cannot exceed the maximum possible penal sentence for any offense charged for which [the defendant] was acquitted by reason of insanity"). As here, Sunich there argued those words meant that the trial court was

4

only permitted to sentence him to the longest standard range sentence applicable under the SRA. Id. Just as Well argues, Sunich asserted that the maximum permissible commitment under chapter 10.77 RCW "should coincide with the maximum standard range sentence the trial court could have imposed for his offense had he been convicted." Id. Sunich reasoned that the maximum penal sentence "necessarily would have been determined according to the SRA *upon conviction*, so the high end of the standard range presumptively represents the maximum possible sentence." Id.

This court rejected Sunich's argument, explaining that we may not render any language meaningless when giving effect to the legislature's intent. Id. at 205-06. We concluded Sunich "misrea[d] the statute" because his interpretation would give no effect to the qualifying language "for any offense charged." Id. at 206. We noted that the legislature had not chosen to use the words "the maximum possible sentence *upon conviction.*" Id. at 206 (emphasis added). By using the words "for any offense charged," we determined the statute "directs us to the maximum possible sentence at charging, not upon conviction." Id. We further held that "the SRA, which applies only upon conviction, simply does not come into play[.]" Id.

In response, Well argues that two United States Supreme Court decisions have since effectively abrogated Sunich. Br. of Appellant at 13, 21 (citing Blakely v. Washington, 542 U.S. 296, 303-04, 124 S. Ct. 2531 (2004) & Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000)). In Blakely and Apprendi, the United States Supreme Court held that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the

maximum he may impose without any additional findings." Blakely, 542 U.S. at 303-04; Apprendi, 530 U.S. at 490. This claim is unavailing for several reasons.

For one, Well does not provide any binding authority that extends these holdings in Apprendi and Blakely to cases in which charges are resolved by acquittals based on insanity (rather than by guilty pleas or convictions), such that those cases might constrain the terms of chapter 10.77 RCW or abrogate Sunich. DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").[2]

To the contrary, more than one subsequent opinion from this court—published after Apprendi and Blakely—has upheld Sunich's conclusion as to the manner in which RCW 10.77.025(1) sets the maximum length of commitment following an insanity acquittal.

First, in State v. Schwab, we likewise addressed an argument by an appellant who sought to withdraw a plea of not guilty by reason of insanity. 141 Wn. App. 85, 88, 167 P.3d 1225 (2007). Schwab argued his plea had not been knowing, intelligent, or voluntary because he claimed he had not been advised of the maximum term of confinement, namely, up to life at Western State, for assault in the first degree with a deadly weapon. Id. at 93-94. We rejected that assertion because the record showed he had, in fact, been expressly advised that he could

---

[2] Well acknowledges he lacks supporting authority for his position when asserting that Washington "courts *have yet* to fully incorporate the requirements of Apprendi and Blakely." (Emphasis added.)

be committed for "the *statutory period* which would be up to life in prison." Id. at 94. In so concluding, we left Sunich's interpretation undisturbed that the maximum sentence for the charged offense—not the top of the presumptive SRA-range—is the maximum possible term of commitment under chapter 10.77 RCW. See also id. at 93 (summarizing that Brasel had held a person deemed not guilty by reason of insanity "could be committed to a state hospital for the criminally insane for a term up to the maximum possible penalty for the offense charged").

Thereafter, in State v. Reanier, this court unequivocally reaffirmed Sunich as we explained a trial court's authority to order a term of commitment pursuant to RCW 10.77.025(1). 157 Wn. App. 194, 203-04, 237 P.3d 299 (2010). We cited Sunich, in holding that "[t]he 'maximum possible penal sentence' refers to the statutory maximum of the charged offense, not the top end of the standard range as defined by the [SRA]." Id. Finally, in considering the various challenges to such an interpretation, we held that such arguments were "better directed to the legislature." Id. at 208-09.

Here, as in Reanier, "the legislature 'is presumed to be aware of judicial interpretation of its enactments,' and where statutory language remains unchanged after a court decision the court will not overrule clear precedent interpreting the same statutory language." Id. at 204-05 (quoting Riehl v. Foodmaker, Inc., 152 Wn.2d 138, 147, 94 P.3d 930 (2004) (footnote omitted). Given that the statutory term at issue has remained the same within RCW 10.77 after Sunich, Apprendi and Blakely, we decline to overrule our prior well-reasoned case law.

7

## III.    CONCLUSION

We affirm.

Díaz, J.

WE CONCUR:

Feldman, J.                                        , ACJ